George BARNETT, Jr., Plaintiff in Error,

v.

J. H. NEWCOMER, Defendant in Error.

No. 36846.

Supreme Court of Oklahoma.

Jan. 8, 1957.

Rehearing Denied Feb. 19, 1957.

W. F. Semple, Tulsa, Wesley E. Disney, Washington, D. C., Wesley V. Disney, Tulsa, for plaintiff in error.

Creekmore Wallace, Pryor, Thomas A. Wallace, Tulsa, for defendant in error.

PER CURIAM.

The question presented is whether a certain tract of land situated in McIntosh County, owned by George Barnett, Jr., a full-blood unenrolled Creek Indian, and here plaintiff ·in error, was subject to levy on execution to satisfy a judgment against him in favor of J. H. Newcomer, defendant in error.

This appeal is from the judgment of the district court confirming proceedings resulting in a sheriff's sale of the land on execution. It is agreed that if the land was free of restrictions the judgment was correct. The pertinent facts are incorporated in the record by stipulation.

The tract involved was, with a number of other tracts, conveyed by Eastman Richard, a full-blood Creek Indian, to his five children in equal shares. The deed dated October 15, 1925, described the tracts conveyed as restricted purchased land owned by the grantor and provided for reservation to him of the general revenues therefrom and the use thereof during his lifetime, the entire reversionary interest to vest in the grantees on his death. The habendum clause of the deed is significant. It is in form and provision similar to what is known as the Carney-Lacher deed and was approved by the Secretary of the Interior. Whether or not the deed as a whole restricted the land from alienation as to the grantees, and if so, for what period were questions considered by the lower court. The clause is as follows:

"To Have and. to Hold said aforegranted premises unto the said grantees, their heirs and assigns, forever; subject to the condition, however, that no lease, deed, mortgage, power of attorney, contract to sell, or other instrument affecting the lands herein described or the title thereto, executed before the majority of the youngest grantee, shall be of any force or effect or capable of confirmation or ratification, if executed prior to April 26, 1931, or during any additional period to which the Congress of the United States may extend the supervision of any office or Department of the Government over the lands and affairs of the Five Civilized Tribes of Indians in Oklahoma, unless made with the consent of and approved by the Secretary of the Interior of the United States of America, or such other officer as may be provided by law."

With the exception of the phrase, "executed before the majority of the youngest grantee," referring to the validity of alienation, the clause is in substantial compliance with the rules and regulations of the Secretary of the Interior promulgated on the authority of the Act of Congress of May 27, 1908, 35 Stat. 312, see United States v. Brown, 8 Cir., 8 F.2d 564.

Eastman Richard died March 30, 1934; Jennetta Richard Barnett, the eldest of the five grantees, died September 24, 1932, leaving surviving her husband, a 3/8ths blood Creek Indian, and her two children, plaintiff in error, and a daughter, both full-blood Indians. Wanda Richard, the youngest of the grantees, under the deed, became of legal age on September 21, 1936. By decree of the county court the three heirs of Jennetta took an undivided one-third interest each in her estate. Thus the lands conveyed by Eastman Richard were, at the time the youngest grantee reached her majority, owned by the surviving four grantees on the basis of an undivided one-fifth interest each, and by the heirs of

Jennetta an undivided one-fifteenth interest each.

While the land was so owned, the surviving spouse of Jennetta filed an action in the District Court of McIntosh County, seeking partition of all the land conveyed in the Eastman Richard deed. All additional owners of an interest in the land were parties defendant. Notice of pendency of the action was served on the Superintendent of the Five Civilized Tribes on October 10, 1934, in conformance with the provisions of Section 3, Act of Congress of April 12, 1926, 44 Stat. 239. The United States petitioned for removal of the cause to the United States District Court, where on January 4, 1937, that court remanded the cause for the stated reason the lands were then unrestricted.

From the facts as above outlined, and the action of the district court on remand in granting partition and approving a conveyance on election to take the tract of land here involved at the appraised value by Plaintiff in Error, we are called upon to determine whether the deed issued to plaintiff in error by the sale in partition conveyed the tract without restrictions. If it did the land was subject to levy, otherwise it was not.

On February 1, 1937, the district court in the partition proceedings entered an order for partition. The issues were joined by pleadings filed, including petition in intervention on the part of the United States, although no appearance by counsel was made for the United States at the time of the proceedings resulting in the order for partition. The trial court, after hearing the evidence, found ownership of the land as hereinabove stated; that Wanda Richard was the youngest grantee under the Eastman Richard deed and attained her majority on September 21, 1936; that the various tracts of land were purchased by Eastman Richard and were inalienable prior to April 26, 1931, unless the restrictions were removed by the Secretary of the Interior; that the deed from Eastman Richard contained the habendum clause quoted

above; found the date of death of the decedents and the determination of heirship and ownership of the property as hereinabove stated, and found that all the lands were free of restrictions imposed by the deed from Eastman Richard or the Acts of Congress of the United States.

After commissioners had been appointed in conformance with the statutes of Oklahoma relating to partition and report made that the lands could not be partitioned in kind and the lands appraised, plaintiff in error elected to take the land here involved at the appraised value of $1,500. The recited consideration in the sheriff's deed in partition conveying to plaintiff in error was the sum of $49.83 cash, and the remainder charged against the interest of the grantee in the proceedings. There was no appeal from the proceeding in the partition action.

 Congress has by specific provision subjected the lands of full-blood members of any of the Five Civilized Tribes to the laws of this state providing for the partition of real estate. Such is Section 2 of the Act of Congress of June 14, 1918, Title 25, U.S.C.A., § 355, which reads as follows:

"Sec. 2. That the lands of full-blood members of any of the Five Civilized Tribes are hereby made subject to the laws of the State of Oklahoma, providing for the partition of real estate. Any land allotted in such proceedings to a full-blood Indian, or conveyed to him upon his election to take the same at the appraisement, shall remain subject to all restrictions upon alienation and taxation obtaining prior to such partition. In case of a sale under any decree, or partition, the conveyance thereunder shall operate to relieve the land described of all restrictions of every character."

In view of the contention made by plaintiff in error that the tract of land purchased by him on election to take was a part of the lands restricted with other tracts under the Richard deed until April

26, 1956, and remained restricted through the partition proceedings and conveyance to him under the provision of this Act, we are primarily concerned with the authority of the district court to approve the conveyance as unrestricted under the circumstances existing.

The provision of the 1918 Act that land conveyed in partition proceedings to a full-blood Indian on his election to take the same at the appraisement, "shall remain subject to all restrictions," obtaining prior to partition presents this question: Did the district court in the partition action have jurisdiction to determine whether the land was restricted and to authorize alienation of the land free of restrictions?

The habendum clause of the Richard deed clearly provides for restrictions only during the period of minority of the youngest grantee. Plaintiff in error argues that the deed was effective to continue restrictions through the present restricted period relating to Indian lands, that is, until April 26, 1956, Act of May 10, 1928, 45 Stat. 495, regardless of the language of the deed providing only for the period of minority of the youngest grantee. The question thus presented and the additional consideration of whether the plaintiff in error, a full-blood Indian heir was prohibited from conveying his interest in the lands under the provision of Section 9 of the 1908 Act, 35 Stat. 312, requiring county court approval of deeds of full-blood Indian heirs are matters of serious import in view of the authority of the United States Government in relation to its restricted Indian wards. The district court in the partition action found that the restrictions imposed by the Richard deed had expired and that the land was not then restricted under any Act of Congress. If such determination was final, then no restrictions obtained prior to the partition and there were none to remain thereafter.

■ There is no question but that courts designated by the Acts of Congress to hear and determine matters relating to the affairs of restricted Indians are vested with the jurisdiction and power to determine as justiciable questions whether the lands of Indians are within the restrictions imposed by Congress, Vinson v. Graham, 10 Cir., 44 F.2d 772; Neal v. Travelers Ins. Co., 188 Okl. 131, 106 P.2d 811; and also that where the court has jurisdiction of the parties and the subject matter of the suit an erroneous decision will not divest the jurisdiction, Vinson v. Graham, supra, United States v. Candelaria, 271 U.S. 432, 46 S.Ct. 561, 70 L.Ed. 1023.

■ The partition and sale of restricted land in an action for partition constitutes an involuntary alienation, within the meaning of the Acts of Congress imposing restrictions and prior to the 1918 Act supra, the State Courts of Oklahoma were without any authority under their general jurisdiction to partition and order sold land acquired by full-blood members of the Five Civilized Tribes, Grisso v. United States, 10 Cir., 138 F.2d 996, 1000. But in this case it was held that:

"(11) By the Act of June 14, 1918, supra, Congress entrusted to courts of the state having jurisdiction to partition lands generally the function of determining in a judicial proceeding in partition whether the land shall be sold, and if so to order the sale, and provided that when such a sale is made it shall constitute a removal of the restrictions against alienation. Where the state court determines in such a proceeding that the land shall be partitioned and sold free of restrictions, it acts in part as the selected agency in giving effect to the will of Congress. Parker v. Richard, 250 U.S. 235, 39 S. Ct. 442, 63 L.Ed. 954; United States v. Hellard, supra [10 Cir., 138 F.2d 985] * * *."

That court concluded that where the proceedings in such actions for partition are regular in every respect, the judgment is final and a conveyance executed pursuant to its provisions passes title free of restrictions.

In United States v. Hellard, 10 Cir., 138 F.2d 985, 988, it is held:

"* * * Congress was free to entrust to the state courts having jurisdiction to partition lands generally the function of determining in a judicial proceeding in partition whether the land shall be sold, and if so to order the sale, and provide that when such sale is made it shall constitute a removal of the restrictions against alienation. In short, Congress was free to select the district courts of the state as the agency and confide to them authority to determine in that manner whether the restrictions shall be extinguished. Parker v. Richard, 250 U.S. 235, 39 S.Ct. 442, 63 L.Ed. 954; Whitebird v. Eagle-Picher Lead Co., 10 Cir., 40 F.2d 479. Taking into consideration the context, the background, and the purpose to be served, we think that is the effect of the statute. Cf. Parker v. Richard, supra; Whitebird v. Eagle-Picher Lead Co., supra; State [ex rel. Miller] v. Huser, 76 Okl. 130, 184 P. 113."

And that:

"* * * in an action in partition under the Act of June 14, 1918, supra, the interests of the United States are entrusted to an instrumentality of its own choice—the district court of the state."

We are aware that in United States v. Hellard, 322 U.S. 363, 64 S.Ct. 985, 88 L.Ed. 1326, the circuit court was reversed to the extent of the holding that the United States is an indispensable party to such proceedings but other than this requirement the conclusions reached by the circuit courts in the above cited cases are given support by the Supreme Court.

It is significant that Section 2 of the 1918 Act provides that the land partitioned in kind or purchased on election to take at the appraised value shall retain only the restrictions obtaining prior to partition. There is nothing to indicate in the provisions of the Act that any restrictions were to be imposed. What then if there were no restrictions prior to partition? Obviously a partition in kind or purchase on election could only result in ownership free of any restrictions.

■ The determination of what restrictions should remain is as important as that of whether the land shall be sold and is inseparable from such consideration. Where, as here, partition of land, owned in part by full-blood Indians, is sought in a state court the matter of its restricted status is in question for ultimate determination arising at the very inception of the action. The United States is an indispensable party if the land is in fact restricted, and the Federal Courts have jurisdiction under this status when removed under the provisions of Section 3 of the Act of April 12, 1926, 44 Stat. 239.

■ In actions wherein the procedure provided for in this Act is followed both the United States and the Indians are bound by the decision reached, United States v. Hellard, 322 U.S. 363, 64 S.Ct. 985, 88 L.Ed. 1326; United States v. Anglin & Stevenson, 10 Cir., 145 F.2d 622.

Section 3 of the 1926 Act provides that after the service of the notice required the United States may appear and after such appearance "the proceedings and judgment in said cause shall bind the United States and the parties thereto to the same extent as though no Indian land or question were involved."

It is stated in United States v. Anglin & Stevenson, supra, that it was the manifest intent of the Act to relax the exclusive jurisdiction of the United States over the property of its Indian wards, and to that extent and in the manner therein provided to bind the United States by any valid judgment of the court "as though no Indian land * * * were involved."

■ In the case of Parker v. Richard, 250 U.S. 235, 39 S.Ct. 442, 444, 63 L.Ed. 954, the Supreme Court referring to the provisions of Section 9 of the Act of 1908 providing for the authority of county courts

**154**

authorizing sale of restricted land free of restrictions stated: "That the agency which is to approve or not is a state court is not material. It is the agency selected by Congress and the authority confided to it is to be exercised in giving effect to the will of Congress in respect to the matter within its control. Thus in a practical sense the court in exercising that authority acts as a federal agency * * *." The principle thus stated applies to the district courts of this state designated as the courts having jurisdiction to partition Indian lands and given the power to provide for the alienation of such lands free of restrictions. Act of 1918.

That the United States, Indians and the Secretary of the Interior are bound by the decrees of courts of competent jurisdiction on matters affecting the restrictions imposed by the Acts of Congress where such matters are presented for determination is clear. See United States v. Anglin & Stevenson, United States v. Hellard, cited above. Such determinations are res adjudicata. It is equally clear that the doctrine of estoppel by judgment applies, and this whether the judgment which works it may have been erroneous, the court mistaken in the facts, may have misconceived the law, or may have disregarded the public policy of the nation when it renders the judgment, if the court has jurisdiction of the subject matter of, and the parties to, the action in which such judgment was rendered. See Vinson v. Graham, supra.

We think it clear that the district court of McIntosh County was acting as the designated agency of the United States with jurisdiction to determine the matters before it and jurisdiction over all necessary parties, and its action, in partitioning the property clear of restrictions was a final determination. It follows that the action of the trial court in adjudging the levy valid was correct.

Affirmed.

This court acknowledges the aid of the Supreme Court Commissioners in the prepa-

ration of this opinion. After a tentative opinion was written by Commissioner J. W. Crawford and approved by Commissioner Jean R. Reed and approved in the result by James H. Nease, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.

JOHNSON, C. J., and WILLIAMS, CORN, DAVISON, JACKSON and CARLILE, JJ., concur.

BLACKBIRD, J., concurs in result.

HALLEY, J., dissents.