[Crim. No. 6346.   In Bank.   Jan. 30, 1959.]

THE PEOPLE, Respondent, v. WILMA LEE
RICHARDSON, Appellant.

Frank J. Baumgarten for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Peter T. Kennedy, Deputy Attorney General, for Respondent.

GIBSON, C. J.—A jury found defendant guilty of possessing narcotics in violation of section 11500 of the Health and Safety Code. On this appeal she claims that there was an unlawful search and seizure and that there is insufficient evidence to show knowing possession.

Defendant was taken into custody on the morning of January 2, 1957, by Inspector Noel and three other officers. Noel and one of the other officers testified at the trial and related substantially the same facts with respect to the arrest. Upon entering the building in which defendant's apartment was located, the officers, who did not have a warrant, saw defendant open her door and walk down a hallway to the rear of the building. Her door was left ajar, and the officers entered and began to conduct a search. When defendant returned a few minutes later, she was placed under arrest, and a vial of narcotics was found in her skirt pocket. She said, ''Well, I guess you have got me good this time,'' and, when questioned as to where she had obtained the narcotics, she replied, ''I'd rather not say.'' She did not deny knowing that the narcotics were on her person.

Inspector Noel testified that the officers had gone to defendant's apartment because of information obtained from two sources on the morning of the arrest. A man who was known to the inspector as James Allen and who claimed to be living with defendant came to the inspector's office and said that defendant was selling narcotics at her apartment. Shortly thereafter, Noel was told by Inspector Ohlson, who did not testify at the trial, that Ohlson had received the same information from Randolph Clark. According to Noel, both Allen and Clark had, on previous occasions, given the authorities information which led to arrests, and, in his opinion, they were reliable informers. A photograph was introduced into evidence, which Noel identified as being that of James Allen.

Defendant took the stand and said that she was living with a James Allen at the time she was taken into custody but that

he was not the man whose photograph was in evidence. She testified that she had not known of the presence of narcotics on her person, and she denied making the incriminating remarks attributed to her by the officers. Her explanation was that one of her boarders, Randolph Clark, had quarreled with her and that, while she was washing clothes shortly before the arrest, Faye Robertson, a woman living with Clark, had asked her to keep something for a few minutes and had put an object wrapped in a five-dollar bill into her skirt pocket. According to defendant, the vial of narcotics was wrapped in a five-dollar bill when found by the police, and she then saw the vial for the first time. The officers testified, however, that there was no five-dollar bill in defendant's pocket, and, when Faye Robertson was called to the stand by the People, she testified that she did not know of any quarrel between defendant and Clark and that she had not given defendant the narcotics.

The defense called a witness who testified that his name was James Allen, that he had formerly lived at defendant's address, and that he had never given Inspector Noel information about defendant or anyone else. It was stipulated that the witness was not the informer referred to by Noel.

The evidence against defendant, if legally secured, clearly warrants the jury's implied finding that she knowingly possessed narcotics, and the only claim of error which need be discussed is the assertion that the evidence against defendant was obtained as the result of an unlawful search and seizure.

Defendant did not object at any point in the trial to the admission of evidence on the ground that it was obtained by an unlawful search and seizure, and she may not raise the matter for the first time on appeal. (*People* v. *Goldberg*, 152 Cal.App.2d 562, 572 [314 P.2d 151]; *People* v. *Williams*, 148 Cal.App.2d 525, 532 [307 P.2d 48]; see *People* v. *Kitchens*, 46 Cal.2d 260, 262 [294 P.2d 17]; *cf. Robison* v. *Superior Court*, 49 Cal.2d 186, 187 [316 P.2d 1].) Moreover, the record permits the determination that, notwithstanding the absence of a warrant, the arrest and ensuing search were justified because there was reason to believe that defendant had committed a felony. Noel's testimony regarding James Allen, with whom he dealt personally, is alone sufficient for this purpose, without resort to his testimony about the information he received indirectly from Randolph Clark. The position taken by defendant, although not entirely clear, appears to be that the showing made by her with respect to Allen compels

the conclusion that the alleged informer either did not exist or was not reliable. Obviously, however, defendant succeeded, at most, in creating a conflict in the evidence for the trial court to resolve, and the court was entitled to believe Noel and to determine that the communication in question was in fact made by an informer known to Noel as James Allen and that, in view of the informer's past reliability, there was reasonable cause for the arrest and search.

What has been said above makes it unnecessary to consider defendant's claim that the information allegedly given by Randolph Clark cannot be relied upon to justify the search and seizure because Noel learned of it indirectly through Inspector Ohlson, who did not testify.

The judgment is affirmed.

Shenk, J., Carter, J., Traynor, J., Schauer, J., Spence, J., and McComb, J., concurred.