[Crim. No. 6481.   Second Dist., Div. One.   Apr. 29, 1959.]

THE PEOPLE, Respondent, v. JOHN W. POSTELL, Appellant.

H. Clay Jacke for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Robert M. Sweet, Deputy Attorney General, for Respondent.

LILLIE, J.—Defendant was convicted of possession of marijuana in violation of section 11500, Health and Safety Code, denied probation and sentenced to the state prison. He waived his right to a trial by jury and by stipulation submitted the matter to the trial court upon the reporter's transcript of the preliminary hearing, subject to the right to offer additional testimony. Defendant offered no defense and did not testify on his own behalf.

Appellant's sole contention is that the trial court erred in refusing to permit cross-examination of the officer relative to the general description of the informant. There is no question relative to the sufficiency of the evidence to support the judgment.

Police Officer Leeds testified at the preliminary hearing that approximately two weeks before defendant's arrest, he received a communication from a reliable confidential informant, who had previously supplied him with information resulting in an arrest, that defendant, out of his home at 1621 E. 45th Street, was dealing in narcotics in large quantities, which he obtained in nothing less than one-half pound packages, using a 1957 Chrysler to make pickups; that for two weeks he and three other officers kept defendant's house under surveillance and noticed an uncommon amount of vehicular and pedestrian traffic around and in and out of the premises, with people going into the house, staying a few minutes, and leaving with small packages; that on April 24, 1958, approximately one-half hour before the arrest, the same informant advised him defendant would arrive at his (defendant's) house about 8 p. m., driving a 1957 Chrysler, with two kilo packages of narcotics; that he and other officers arrived at the location at approximately 7:50 p. m. and observed defendant drive up alone at approximately 8:15 p. m., and that they went up to the car, identified themselves, arrested him, and as he opened the driver's side of the vehicle, found a large paper bag on the floorboards containing two smaller bundles of marijuana. The officer further testified that they then searched defendant's house with his consent and found nothing. In a conversation at that time, defendant told them he did not know where he got the narcotic, he had just met a "guy" and picked it up on the street at 56th and Avalon, had just scored for it at approximately 7:30 p. m., was going to break it up into smaller portions and sell it (as he had been doing), this was approximately the sixth week he had been scoring from the same person, and he had been peddling approximately two kilos a week.

At the police station defendant further stated to Officer Leeds that he made his contact through a Mexican who came to his house, usually once a week, and that the Mexican would drop in and ask him how much he wanted and arrange for a pickup at a certain place from another on the street. Later defendant told the officers "that's not really right," "this isn't my connection" but it is actually a Negro in Watts known as "Sonny."

Citing extensively from *People* v. *Cahan,* 44 Cal.2d 434 [282 P.2d 905, 50 A.L.R.2d 513], and *Priestly* v. *Superior Court,* 50 Cal.2d 812 [330 P.2d 39], appellant argues that the trial court, in refusing to permit cross-examination of the police officer concerning a general description of the informant, deprived him of due process of law. We deem this contention to be without merit, absent any showing in the record that the name of the informer was ever requested, or that defendant properly and timely made objection in the court below regarding the reasonableness of the arrest and search based upon any alleged failure to disclose the identity of the informant.

The record before us consists almost entirely of testimony taken at the preliminary hearing, the cause having been submitted to the trial court on the reporter's transcript of the preliminary hearing and defendant having offered no defense. Officer Leeds testified that in going to the location and arresting defendant, he relied upon information given to him by a confidential informant about one-half hour before. At no time did defendant ever ask the officer the name of the informer or his address; nor did defendant make a motion to strike the testimony of the officer concerning his conduct based upon the informant's communication. At the close of the preliminary hearing when the People offered into evidence the marijuana seized from defendant's possession at the time of his arrest, defendant made no objection; nor did he interpose any objection in this connection in the court below where he stipulated that all exhibits received in evidence at the preliminary hearing be deemed again received in evidence at the trial. Defendant made no motion to dismiss the proceedings at the preliminary hearing, and no mention of the People's failure to identify or describe the informant was made by defendant. At the trial no objection was made concerning the identity of the informer, and upon being asked if he had any argument to make, appellant's counsel indicated he had not, and submitted the matter; nor did defendant make a motion for a new trial.

The record does not disclose that the informant had anything to do with the commission of the offense and affirmatively shows that he was not present at the time of the arrest.

Defendant's counsel asked neither the identity nor the address of the informant, but did ask general questions concerning his physical description, race, employment, residence in the eastern area of the city, and whether he was an undercover officer in the police department, to which objections were interposed and sustained.

We hold that appellant may not for the first time on this appeal raise the objection of nondisclosure of the identity of the informer, not having ever requested his name or properly interposed the appropriate objection in the court below. ■ It is incumbent upon an appellant seeking to rely upon a refusal to identify an informer to constitute the illegality of the arrest and search, to first establish that the name of the informant was requested and refused, and thereupon a motion was made to strike the officer's testimony regarding his conduct based upon the information received from him.

Controlling is the case of *Coy* v. *Superior Court,* 51 Cal.2d 471 [334 P.2d 569], wherein a writ of prohibition to prevent defendant's trial on the ground that the officer at the preliminary hearing refused to divulge the name of the informer, was denied. No motion to strike the officer's testimony was made upon his refusal to identify him and defendant neither objected to the introduction of the narcotics in evidence, nor argued the legality of the arrest and search. The Supreme Court affirmed the magistrate's ruling sustaining the objection of the People interposed to the question concerning the name of the informant, and held that the prosecution was entitled to elect between disclosure and having the officer's testimony struck. ■ The court relied on *Priestly* v. *Superior Court,* 50 Cal.2d 812, at page 819 [330 P.2d 39], that "when the prosecution seeks to show reasonable cause for a search by testimony as to communications from an informer, either the identity of the informer must be disclosed when the defendant seeks disclosure, or such testimony must be struck on proper motion of the defendant." The court stated, at page 473: "It was incumbent on defendant to compel this election, however, by moving to strike or otherwise making his position clear. The prosecution may have had evidence other than the information of the informer to justify the search or it may have been willing to waive the privilege of nondisclosure if its case would

otherwise fail, and it was entitled to an opportunity to produce such evidence or waive nondisclosure. It was not called upon to do so, however, while evidence of reasonable cause stood unchallenged in the record.'' Commenting further that neither the magistrate nor trial court has the duty to strike the evidence on its own motion, and defendant should not be permitted to gamble on an acquittal at his trial secure in the knowledge the conviction would be reversed on appeal, the court continued: ''No undue burden is placed on the defendant by requiring him to make a motion to strike when the basis for excluding evidence theretofore properly admitted becomes apparent, and there is no basis for departing from the settled rule requiring such a motion (*City of Venice* v. *Short Line Beach Land Co.* (1919), 180 Cal. 447, 453 [181 P. 658]; *Ballos* v. *Natural* (1928), 93 Cal.App. 601, 608 [269 P. 972]; *Brandt* v. *Krogh* (1910), 14 Cal.App. 39, 56 [111 P. 275]; Fricke, California Criminal Evidence, 444, 445 (4th ed. 1957)) in the present situation.''

In addition, the record before us reveals that at no time was an objection made to the admission in evidence of the marijuana. In this connection, the Supreme Court, in *People* v. *Richardson*, 51 Cal.2d 445, stated at page 447 [334 P.2d 573]: ''Defendant did not object at any point in the trial to the admission of evidence on the ground that it was obtained by an unlawful search and seizure, and she may not raise the matter for the first time on appeal (*People* v. *Goldberg*, 152 Cal.App.2d 562, 572 [314 P.2d 151]; *People* v. *Williams*, 148 Cal.App.2d 525, 532 [307 P.2d 148]; see *People* v. *Kitchens*, 46 Cal.2d 260, 262 [294 P.2d 17]; *cf.* *Robison* v. *Superior Court*, 49 Cal.2d 186, 187 [316 P.2d 1].)''

For the foregoing reasons, the judgment is affirmed.

White, P. J., and Fourt, J., concurred.