[Crim. No. 6742.   Second Dist., Div. One.   Oct. 2, 1959.]

THE PEOPLE, Respondent, v. FRANK FINLEY, Appellant.

Frank Finley, in pro. per., for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Jack K. Weber, Deputy Attorney General, for Respondent.

LILLIE, J.—Defendant was tried before a jury and convicted of receiving stolen property in violation of section

496, Penal Code. His motion for a new trial and application for probation were denied; defendant admitted a prior felony conviction; and he was sentenced to the state prison for the term prescribed by law. He appeals from judgment.

As his first claim for reversal, appellant urges that the ''proceedings in the Courts below were irregular,'' but fails to point out where in the record before us any error lies, relying entirely upon his argument that ''on appeal every intendment and presumption not inconsistent with the records must be indulged in favor of the appellant.'' We pass this matter without further discussion except to comment that the rule on appeal, contrary to his position, that appellant's failure to meet the burden of pointing out the error complained of showing specifically what action of the lower court he deems error (*People* v. *Daniels,* 85 Cal.App.2d 182 [192 P.2d 788]; *People* v. *Morgan,* 140 Cal.App.2d 796 [296 P.2d 75]), and the presumption, in the absence of a showing to the contrary, that defendant was accorded a fair trial and the conviction was valid (*People* v. *Chessman,* 35 Cal.2d 455 [218 P.2d 769, 19 A.L.R.2d 1084]), justifies our assumption that the judgment is free from error in this regard.

Appellant further contends that the evidence is insufficient to sustain the verdict; and again we are faced with a bare statement supported neither by a résumé of the material evidence on the point raised, nor by argument or citation of authority to support it. Although it is a cardinal rule that one who asserts that the verdict is not supported by the evidence must set forth the evidence involved and point out wherein it fails to sustain the same or otherwise it will be presumed that it was sufficient to justify the verdict; since appellant appears before us without counsel, we briefly summarize the evidence pertinent to the issue here raised.

David Levin, owner of a pawnshop, discovered some of his stock to be missing between April and August, 1958, and to determine the exact items took an inventory in August. Among the articles taken were a Bulova watch (Exhibit 2), an onyx ring (Exhibit 1) and a Smith and Wesson revolver (Exhibit 3). During that time a number of items including these three were stolen by one Douglas, a porter employed by Levin. On the evening after he took them, in May or June, 1958, Douglas sold the watch and ring to defendant for $7.00, then telling him they were stolen. Very shortly thereafter he again sold defendant approximately 10 watches for about $5.00 each and a few small items including revolvers—one for

$8.00 and one for $10. Douglas definitely remembered stealing the Smith and Wesson revolver (Exhibit 3) but couldn't say that it was the same one he sold to defendant. However, Eddie Brooks, whom defendant had known for a year, testified that in July or August, 1958, defendant gave him the Smith and Wesson revolver as security for $25 he loaned defendant after he lost his money in a "crap game." The gun came into the hands of the police when Brooks was arrested for its possession. Douglas also testified that on his way to court during the trial the defendant hit him in the head, cutting his right eyebrow. When arrested, defendant had the watch and ring in his possession, but he told police he did not know Douglas and had purchased the items in a pawnshop.

In his defense, defendant testified he had met Douglas only once, but had never received any property from him and had never had any conversation with him concerning the revolver; that he obtained the watch in a dice game and bought the ring from the Los Angeles Loan and Jewelry Company, which he asked to verify the purchase but would not do without looking at the ring and seeing his photograph; that he did not supply the information or the articles the pawnshop requested and he received no further communication from it; and that he had been convicted of a felony. Defendant denied that on the way to court during the trial he hit Douglas on the head so he would be afraid to testify against him.

The jury, to which was exclusively committed the responsibility of weighing the evidence, determining the credibility of the witnesses and resolving factual conflicts (*People v. Flummerfelt,* 153 Cal.App.2d 104 [313 P.2d 912]; *People v. Hopper,* 168 Cal.App.2d 406 [336 P.2d 28]), in finding defendant guilty obviously rejected his testimony as unworthy of belief and accepted the prosecution's version of how the stolen articles came into defendant's possession. This court will not reverse the judgment of conviction for insufficiency of the evidence unless it is made clearly to appear that upon no hypothesis whatsoever is there sufficient substantial evidence to support the verdict (*People v. Newland,* 15 Cal.2d 678 [104 P.2d 778]; *People v. Jones,* 36 Cal.2d 373 [224 P.2d 353]), and a review of the record convinces us that the great weight of the evidence sustains a hypothesis of guilt.

It has been definitely established that the ring and watch were stolen (*People v. Rice,* 73 Cal. 220 [14 P. 851]) by a specific person who sold them to the defendant telling

him they were stolen (*People* v. *Smith,* 26 Cal.2d 854 [161 P.2d 941]), and that both articles were found in defendant's possession (*People* v. *Willard,* 92 Cal. 482 [28 P. 585]); and there is nothing in the record to suggest that the testimony of the People's witnesses establishing these elements was in itself in any way inherently improbable, false or contradictory, nor has any claim been made that it was.

Appellant also complains that the information was defective in that "particular fact or facts showing that defendant was not entitled to possess said property" should have been included in the charge as alleged in the pleading. We note that although he was represented by counsel in the lower court any such objection was in no way brought to its attention; however, appellant here appearing in propria persona, we briefly point up that the amended information very nearly follows verbatim the wording of section 496, Penal Code, complying with section 952 which permits the pleader to allege the offense in the words of the enactment. The general rule established by statute (Pen. Code, § 952) is that in a criminal case a pleading shall be sufficient if "it contains in substance, a statement that the accused has committed some public offense," and "(i)t may be in the words of the enactment describing the offense or declaring the matter to be a public offense, or in any words sufficient to give the accused notice of the offense of which he is accused." Section 496, Penal Code, under which defendant was charged, provides in subdivision 1 that "(E)very person *who buys or receives any property which has been stolen* or which has been obtained in any manner constituting theft or extortion *knowing the same to be so stolen* or obtained, or *who conceals, withholds or aids in concealing or withholding any such property from the owner,* is punishable . . . (Emphasis added). The amended information accusing defendant of a violation of section 496 charges that between April 1, 1958, and August 31, 1958, he "did wilfully, unlawfully and feloniously buy and receive certain property, to wit, one onyx ring and one Bulova watch, which said property had been stolen, knowing that said property had been stolen, and did conceal and withhold and aid in concealing and withholding said property from the owner, David Levin, knowing that said property had been stolen."

Acknowledging the liberal rule of pleading established by section 952, appellant, citing *People* v. *McKenna,* 81 Cal. 158 [22 P. 488], suggests that it has no application here. This

citation serves as no authority for his proposition since that case entailed a situation of fraud entirely dissimilar to the simple case of receiving stolen property here involved. Further, it was decided in 1889 prior to the 1927 and 1929 amendments to section 952 simplifying and liberalizing the rules of pleading in criminal cases (*People* v. *Saffell*, 74 Cal. App.2d Supp. 967 [168 P.2d 497]).

■ Also assigned as error is the trial court's refusal to "require the People to elect between striking the testimony of the People's as to probable cause." Appellant's argument simply amounts to a statement that his arrest without a warrant was illegal because police had no probable cause to arrest him. However, at no time in the court below did defendant object to the legality of the arrest or move to strike any testimony relating thereto; and in the absence of such objection or motion to strike, appellant may not now raise the matter for the first time. (*People* v. *Richardson*, 51 Cal.2d 445 [334 P.2d 573]; *People* v. *Postell*, 170 Cal.App.2d 31 [338 P.2d 454].) ■ He further complains that upon his arrest he was not taken before a magistrate for 28 days; that he was within the vicinity of numerous committing magistrates and was not told of his right to counsel, taken before a magistrate, or "warned that he might keep silent"; and not advised "that any statement made by him might be used against him." Neither the facts surrounding defendant's arrest, subsequent detention, or preliminary proceedings, nor any objection relating to the conduct of police after his arrest or to the alleged irregularity in any proceedings in the lower court appear in the record. Ample opportunity was afforded defendant to develop the matter on cross-examination of the arresting officer who interrogated him while in custody, but he elected not to do so. Having taken the stand in his own defense, defendant was free to testify to the facts relative to his arrest, detention and interrogation, but he obviously did not. What appellant now claims in this connection is based on asserted facts entirely outside of the record before us and we are in no position to, nor can we, evaluate this matter. (*People* v. *Justice*, 167 Cal.App.2d 616 [334 P.2d 1031].) All we are able to ascertain from the record on this point is the bare fact that defendant was arrested October 23, 1958, an information was filed November 14, 1958, and he was arraigned and entered a plea of not guilty in the superior court on November 20, 1958. We have no way of knowing whether defendant appeared before or saw a magistrate

from the time of his arrest to the date of his arraignment, but in the absence of any showing to the contrary, or that all proceedings were not proper and timely taken, it must be presumed that they were regular and in accord with legal requirements, and that within a reasonable time after his arrest defendant was brought before a magistrate and arraigned, a complaint was filed against him, a preliminary hearing was held thereon, and he was bound over to the superior court before the information was filed on November 14, 1958. Moreover, there appears to be a suggestion in the record that at one time after his arrest, he was released, although later again detained.

It is also urged that the court below erred in ruling on objections to the evidence. Appellant does not point out what they were but generally refers to pages 4 to 8 of the reporter's transcript, presenting no argument or citation in support of his claim. However, the record discloses that defendant objected to the introduction of evidence relating to his possession of the Smith and Wesson revolver (Exhibit 3) and that the objection was overruled; but it was not until later in the trial, after proof had been adduced that the ring and watch had been stolen by Douglas, who told defendant to whom he sold them they had been stolen, that testimony relating to the gun was received and the offer of the Smith and Wesson revolver in evidence was made. It is apparent that the revolver and evidence relating to its stolen character and acquisition by the defendant was offered by the prosecution solely on the issue of the defendant's knowledge and intent. The evidence shows that the revolver was stolen by Douglas from the same place from which he took the ring and watch, at or about the same time he took the latter items; and that the gun was acquired by the defendant at or about the same time Douglas sold him the other two items at a price below their true value. Since it is incumbent upon the prosecution to show, among other things, that the defendant knew the items alleged in the information were stolen and that he had them in his possession, it was proper to show that defendant received another item also stolen from the same owner by the same person at the same time, in addition to those charged, especially under the circumstances herein related. Such evidence tended to show a general pattern or plan on the part of defendant to buy for a low price the stolen items; that he knew they were stolen because of their nature, number and cheap price, and knew the price

was cheap because they were stolen; and that he intended to acquire them for his own use and withhold them from the true owner. ▮ The rule is that evidence relating to the commission of another offense may not be admitted merely to show a criminal disposition, but it may be received if it tends to prove any fact material in the trial of another charge; and the fact that it may prejudice the defendant in the mind of the jury is no ground for exclusion (*People* v. *George*, 169 Cal.App.2d 740 [338 P.2d 240]; *People* v. *Simpson*, 170 Cal. App.2d 524 [339 P.2d 156]). We find no error in the lower court's ruling on the objection interposed in this connection.

For the foregoing reasons the judgment is affirmed.

Fourt, Acting P. J., and Shea, J. pro tem.,* concurred.

A petition for a rehearing was denied October 19, 1959, and appellant's petition for a hearing by the Supreme Court was denied November 25, 1959.

*Assigned by Chairman of Judicial Council.