[Crim. No. 1741. Fourth Dist. Oct. 23, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. JOHN JAY POLLART, Defendant and Appellant.

---

*Assigned by Chairman of Judicial Council.

John Jay Pollart, in pro. per., for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Jack K. Weber, Deputy Attorney General, for Plaintiff and Respondent.

GRIFFIN, P. J.—Defendant was convicted after a jury trial of the crime of escape from a state prison, in violation of Penal Code, section 4530. He has appealed from the judgment of conviction.

The evidence indicates that on June 27, 1958, defendant was serving terms in the Chino State Prison for armed robbery and assault with a deadly weapon. On that day he was sent to work in a hayfield with a crew of prisoners under the charge of Correctional Officer Carpenter. About 10:30 in the morning it was discovered that defendant was missing. No one had given him authority to leave. Officer Carpenter testified that he remembered the escape because defendant was the first man who had escaped from his custody and this made an impression on his mind. He identified defendant as the escapee. On cross-examination, the officer admitted that he had had some difficulty remembering defendant's name at the preliminary hearing, but indicated that his memory had been refreshed when he was shown a piece of paper with defendant's name on it.

Certain records of the United States Penitentiary at Atlanta, Georgia were received in evidence. They indicated that defendant was incarcerated at that institution between December 12, 1959 and October 5, 1961, pursuant to a sentence of the United States District Court of the Middle District of North Carolina. This conviction was for interstate transportation of a stolen automobile. A fingerprint expert testified that defendant's fingerprints were identical with those contained in both the federal and state commitment papers.

Defendant contends that there is no evidence that he escaped from the state prison at Chino, California. This contention is without merit. ▪▪ It is also contended that defendant was illegally committed because he was not brought before a magistrate until a week after his arrest. To substantiate this point, defendant refers to the preliminary hearing transcript. This document is not a part of the record on appeal. Since the record contains no facts concerning the dates of appellant's arrest or his arraignment, we cannot consider this contention.

(*People* v. *Finley*, 174 Cal.App.2d 206, 211-212 [344 P.2d 614].) ▮ Moreover, since no admissions or confessions appear to have been obtained during the asserted delay, it cannot be said to have resulted in an unfair trial. (*People* v. *Van Eyk*, 56 Cal.2d 471, 480 [15 Cal.Rptr. 150, 364 P.2d 326].)

▮ Defendant's next contention is that the evidence at the preliminary hearing was not sufficient to show that he was the person who escaped. Since the transcript of the preliminary hearing has not been made a part of the record on appeal, it must be presumed that there were no irregularities in the preliminary hearing. (*People* v. *Walker*, 170 Cal.App.2d 159, 163 [338 P.2d 536].)

▮ Defendant also urges that he was not afforded the speedy trial required by Penal Code, section 1382. The information was filed on January 5, 1962. On January 12, defendant requested a two-week continuance. The matter was set for January 26, 1962, but the next hearing shown by the record occurred on February 16, 1962. At that time, the court denied a motion under Penal Code, section 995, and defendant entered a plea of not guilty. The case was set for trial on March 19, 1962, but the trial did not begin until April 23, 1962, which date is more than 45 days beyond the 60-day statutory limit. The record before us does not reflect the reasons for this delay. Defendant raised no objection on account of the delay at the time of his trial. By failing to object at that time, he has waived his right to raise this point on appeal. (*People* v. *Vigil*, 189 Cal.App.2d 478, 480 [11 Cal.Rptr. 319] ; *People* v. *Encinas*, 186 Cal.App.2d 12, 16 [8 Cal.Rptr. 624] ; *People* v. *Bruce*, 141 Cal.App.2d 854, 856 [297 P.2d 437].)

▮ The information charged, and the evidence showed, that the offense took place on June 27, 1958. The information was filed on January 5, 1962, which was more than three years after the occurrence of the offense charged. The general rule is that an indictment or information must be brought within three years after the commission of a felony. (Pen. Code, sec. 800.) However, the statute is tolled during periods of time when the defendant is not within the State of California. (Pen. Code, sec. 802.) Here, the information alleged that defendant was without the state between the date of the escape and December 8, 1961, a period of approximately two and one-half years. Evidence was presented showing that between December 12, 1959 and October 5, 1961, defendant was incarcerated in a federal prison at Atlanta, Georgia.

Defendant urges that the copies of the records of the federal prison which were offered by the prosecution to prove defendant's absence from this state were not properly authenticated and should not have been received in evidence. An examination of the documents received in evidence to prove defendant's absence shows that they were certified by the warden of the United States Penitentiary at Atlanta, Georgia, and that the warden's signature and certificate were sworn to and subscribed before the record clerk of the prison, a person authorized to administer oaths under 18 United States Code 4004. In support of his contention, defendant cites *People v. Foster*, 3 Cal.App.2d 35, 40 [39 P.2d 271], where the court held that records of a Louisiana state prison were improperly received in evidence where they were duly certified by the warden of the penitentiary but his certification was not supported by an authentication showing that he was actually the warden of the state prison involved. Defendant's argument overlooks the distinction between subdivisions 7 and 9 of Code of Civil Procedure, section 1918. Subdivision 7 of this statute requires that documents of a sister state be proven by a copy certified by the legal custodian thereof together with a certificate of the secretary of state or other official authenticating that the certifying officer has legal custody of the original document. Subdivision 9 of that statute applies to documents in the departments of the United States Government and specifies that they can be proved by certificated copies of the legal custodian of the document. Code of Civil Procedure, section 1905, makes a similar distinction between the requirements for proving a copy of a judicial record of this state or of the United States on the one hand and the judicial records of a sister state on the other. In the first instance, a certificate of the clerk or other person having legal custody of the original record is sufficient to prove a copy thereof, whereas copies of judicial records of a sister state can be proved only by the certificate of the clerk, together with a certificate of the chief judge or presiding magistrate that the clerk's attestation is in due form. Since the records here involved were certified by their legal custodian, the statutory requirements were fulfilled and the court properly received in evidence copies of the documents on file in the United States Penitentiary at Atlanta, Georgia.

Defendant makes several contentions to the general effect that he was deprived of a fair trial by reason of mis-

conduct. First, he argues that he was prejudiced because two of the exhibits received in evidence contained his photograph. Since it was necessary for the prosecution to prove that defendant had been in prison out of the state, it is difficult to understand how he could suffer added prejudice because the records proving his incarceration contained his photograph.

Defendant also complains because five jurors saw him handcuffed in the hallway during the luncheon recess. There is nothing in the record to substantiate this contention. Even if it is true, there is nothing unreasonable or prejudicial about this event. A court is entitled to impose reasonable restraints on a defendant. (*People* v. *Merkouris*, 46 Cal.2d 540, 555-556 [297 P.2d 999].) It would not be unreasonable to handcuff a prisoner being tried on a felony charge who has previously escaped from a state prison while taking him to and from the court.

The defendant's final contention is that the court erred while instructing the jury as to the law regarding the statute of limitations. The court said: ". . . you shall not consider any time during that period when the defendant was out of this state as the law holds that such time does not run unless the defendant is in the State of California."

The instruction also included the words: "Unless you find that the defendant was out of State for a period of 7 months or longer during this time you must find him not guilty."

It is clear that the trial court did not inform the jury that defendant was out of the state or indicate to it the court's opinion as to whether defendant had in fact been out of the state. The question was left entirely to the jury and there was no error.

An examination of the record convinces us that defendant received a fair trial and was properly convicted. Defendant did not take the stand at the trial and refute any of this evidence.

Judgment affirmed.

Shepard, J., and Coughlin, J., concurred.