[Crim. No. 15143. In Bank. Mar. 1, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
GABRIEL FLORES GALLEGOS, Defendant and Appellant.

## COUNSEL

W. Keith Woodmansee, under appointment by the Supreme Court, for Defendant and Appellant.

Thomas C. Lynch and Evelle J. Younger, Attorneys General, Albert W. Harris, Jr., Assistant Attorney General, Richard N. Light and Robert R. Granucci, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**WRIGHT, C. J.**—The issue presented by this appeal is whether our decision in *In re Mosley* (Jan. 30, 1970) 1 Cal.3d 913 [83 Cal.Rptr. 809, 464 P.2d 473] should be applied retroactively to the date of *Boykin* v. *Alabama* (June 2, 1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709], or prospectively. ■ We have concluded that *Mosley* should be accorded prospective application only.

Defendant was charged by information with burglary (Pen. Code, § 459) and escape (Pen. Code, § 4532, subd. (b)). The cause originally was submitted for decision by stipulation of defendant, his counsel and counsel for the People on the transcript of the preliminary hearing. At a later date upon stipulation entered into by defendant's counsel and counsel for the People police crime and laboratory reports were received to supplement the transcript. Defendant was found not guilty of escape but was found guilty of burglary in the second degree (Pen. Code, § 460).

On appeal from the judgment of conviction defendant contends that acceptance of his counsel's stipulation to the consideration of the police reports by the trial court constituted prejudicial error. In support of this contention he asserts that the latter stipulation to the admission of the crime and laboratory reports was tantamount to a plea of guilty and therefore could be properly accepted only in conformity with those procedural safeguards fashioned by the United States Supreme Court and this court to assure that guilty pleas are not only voluntary but are made only by defendants who have an intelligent understanding of the consequences thereof and of the constitutional rights thereby waived. (*Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709]; *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449].) As the trial took place after the decision in *Boykin* and prior to our decision in *In re Mosley, supra*, 1 Cal.3d 913, in which we held that these requirements were applicable to submission on the transcript under circumstances in which such sub-

mission was tantamount to a plea of guilty, defendant contends that *Mosley* should be accorded retroactive effect. We have concluded that *Mosley* should not be applied retroactively and that as the stipulation was properly made and accepted in conformity with the then applicable requirements, the judgment should be affirmed.

Defendant and his counsel stipulated to submission of the cause on the transcript of the preliminary examination when they appeared for trial on August 5, 1969. The stipulation was accepted by the court after defendant's counsel examined defendant on *voir dire* to establish that defendant was aware of the nature of the charges, of the meaning of the stipulation, and that by the stipulation he was waiving his rights to jury trial, to confrontation by and cross-examination of witnesses, and to testify in his own behalf.[1] At the conclusion of counsel's *voir dire* of defendant, the People agreed to stipulate that the burglary, if proved, was of the second degree. The court then, before accepting defendant's stipulation, examined him further to confirm his understanding of the procedural and constitutional effects of the stipulation and emphasized that the decision would be based solely on the evidence in the transcript and that no further evidence would be presented.[2]

---

[1]The entire *voir dire* is set forth below:

"[DEFENSE COUNSEL]:

"Q. Mr. Gallegos, you understand that in this information you are charged with escape and with burglary?

"A. Yes.

"Q. And you are also charged with prior conviction of a felony, you understand that?

"A. Yes.

"Q. If we submit the matter on the transcript of the preliminary hearing, have I explained to you that the court will then read the transcript of the preliminary hearing, take that as evidence and decide your guilt or innocence on the charge of burglary, section 459 of the Penal Code, based solely on the contents of the transcript of the preliminary hearing?

"A. Yes.

"Q. In other words, no witnesses will be called for or against you, and you won't testify in your own behalf?

"A. Right.

"Q. That amounts to a waiver of a jury trial. And are you willing to waive your right to a jury trial at this time?

"A. Yes.

"Q. And you are willing to let the court consider the matter of your guilt or innocence based solely on the contents of this transcript; is that correct?

"A. Yes."

[2]The inquiry by the court consisted of only four questions, two of which emphasized that the evidence would be limited to that contained in the transcript of the preliminary hearing:

"THE COURT: Mr. Gallegos, do you have any questions at all as to the procedure which is being followed here?

"THE DEFENDANT: No, Your Honor.

"THE COURT: You understand that what is going to happen, I am going to read

One week later, on August 12, 1969, counsel, in the presence of defendant, but without his express acquiescence, stipulated to consideration of the police crime and laboratory reports. Defendant neither joined in nor objected to counsel's stipulation, and the court did not inquire into his understanding of the effect of counsel's action.[3] The court then found defendant guilty of burglary of the second degree.

The People argue that *Mosley* should not be accorded retroactive effect and that both stipulations were properly accepted by the trial court. In view of our conclusion that these contentions are meritorious we need not consider the People's further contention that, in the circumstances of this case, the stipulation to consider the crime and laboratory reports was not tantamount to a plea of guilty.[4]

---

this transcript, and I will then decide, based upon that evidence and only that evidence, whether you are guilty of burglary in the second degree?
"THE DEFENDANT: Yes, Your Honor.
"THE COURT: There will be no further evidence presented; do you understand that?
"THE DEFENDANT: Yes, Your Honor.
"THE COURT: Are you doing this freely and voluntarily?
"THE DEFENDANT: Yes, Your Honor."

[3]The statement by the court suggests, however, that it may have been the intent of the parties to include the reports within the first stipulation:
"THE COURT: This matter was previously submitted to me for decision based upon the transcript and additional information which was to be submitted to the court, and it was submitted to the court consisting of a crime report of the Santa Clara County Sheriff's Office, dated June the 15th, and a laboratory report, dated August the 7th.
"[DISTRICT ATTORNEY]: At this time on the part of the People stipulate these additional matters might be considered as evidence in this matter.
"[DEFENSE COUNSEL]: So stipulate."
It is not possible to resolve this ambiguity on the record now before this court.

[4]Resolution of this question would require a determination that submission of the cause on the transcript of the preliminary hearing alone was tantamount to a plea of guilty, for if it was not, there is no question but that the additional evidence was sufficient to eliminate any doubt as to the identity of the offender.
The following facts were introduced at the preliminary hearing: On Sunday, June 15, 1969, about 4 a.m., a 13-year-old paper boy, John Quale, was packing papers at a Chevron station in Saratoga, California, when he heard both the sound of breaking glass and someone using a chisel against concrete coming from the direction of a Safeway store located in a shopping center across the street from the gas station. Upon his return to the station about 20 minutes to an hour after delivering his first group of papers, he saw a man wearing a green sweater or jacket run from the general direction of the door of the Safeway store. A short time thereafter, he told the father of one of the other paper boys what he had observed.
Two police officers were patrolling the shopping center where the Safeway store was located just prior to 5 a.m. They were driving with their headlights off when they observed a 1962 Ford proceed into the shopping center with its headlights off. The Ford had its trunk lid partially opened and then proceeded slowly to the front of the Safeway store, where it was stopped by the officers.
The defendant was driving the car and was breathing and sweating heavily. He also had no identification, gave the false name of "Tony Flores," and had on a green

Our conclusion that *Mosley* shall have prospective effect only is predicated on the same considerations that led us to conclude that the rules enunciated in *Boykin* v. *Alabama, supra,* 395 U.S. 238, did not require retroactive application. (*In re Tahl, supra,* 1 Cal.3d 122, 133.) ■ The same criteria for determining if a constitutional ruling is to be applied retroactively apply: "(1) the purpose of the new rule; (2) the extent of reliance upon the old rule; and (3) the effect retroactive application would have upon the administration of justice." (*Halliday* v. *United States* (1969) 394 U.S. 831, 832 [23 L.Ed.2d 16, 19, 89 S.Ct. 1498]; *In re Tahl, supra,* 1 Cal.3d 122, 134.)

■■ The purposes of *Boykin,* as interpreted and implemented by *Tahl,* are to assure both that pleas of guilty are intelligently made and to provide a "complete record" to facilitate disposition of post-conviction attacks on the plea. (*In re Tahl, supra,* 1 Cal.3d 122, 134. Cf. *People* v. *West* (1970) 3 Cal.3d 595, 611 [91 Cal.Rptr. 385, 477 P.2d 409].) Identical purposes were served by the extension of the *Boykin-Tahl* requirements to stipulations which, under the circumstances of the particular case, are tantamount to a plea of guilty at the time they are made. (See *In re Mosley, supra,* 1 Cal.3d 913, 926, fn. 10.)

Our major concerns in determining that *Boykin* was not to be accorded retroactive effect were the extent of reliance on the old rule and the effect of the new rule on the administration of justice if applied retroactively. (*In re Tahl, supra,* 1 Cal.3d 122, 134-135.) Although only seven months elapsed between the decision in *Boykin,* June 2, 1969, and that in *Mosley,* January 30, 1970, and the burden on the administration of justice would

sweater. While he was being questioned, the father of the paper boy whom John Quale had talked to, told the officers what the boy had related to him.

The officers then observed that there was no back seat, spare tire, or jack in defendant's car, thus providing a clear space from the trunk to the back of the front seat. They also discovered a lug wrench in the car and observed that a window in the Safeway store was broken near the door and that a number of cigarette cartons had been stacked in an aisle about four feet from the broken window.

The crime report contained the following information: Defendant had turned away from the officers before he was stopped in an apparent attempt to avoid them. In addition, defendant could give no reason for being in the shopping center. Also found in his car was a 3-inch file, a leather punch, a pair of white gloves, and a butcher knife with a 10-inch blade. Finally, the cartons stacked in the store were reported to have come from the shelves and the storeroom of the Safeway store.

By far the most damaging report was the laboratory report which contained the following: Freshly broken glass was found in defendant's shoes which matched the light refraction and density characteristics of that in the broken window. Marks on the door jamb of the stockroom in the Safeway store were similar in characteristics to those which would have been made by a lug wrench found in defendant's car and that on this lug wrench were paint transfers that matched the color and texture of the finish on the door jamb of the stockroom.

be much less, we believe the same considerations govern since the purpose of the new rule is primarily prophylactic.

Reliance on former practice in accepting stipulations to submit cases for decision on the transcript of the preliminary hearing was not unwarranted subsequent to *Boykin*. That decision did not sufficiently cast doubt on the continued acceptability of the former practice to give adequate notice to trial judges of the need to examine such stipulations prior to acceptance and to determine if, under the facts of the particular case as they appeared at the time the stipulation was offered, it was tantamount to a plea of guilty. Both *Boykin* and *Tahl* dealt only with the entry of the guilty plea itself. Nor did *Brookhart* v. *Janis* (1966) 384 U.S. 1 [16 L.Ed.2d 314, 86 S.Ct. 1245], afford such foreknowledge, for there it was conceded by the Ohio trial and supreme courts that the state procedure of "prima facie case" by which the defendant had been convicted was "the practical equivalent of a plea of guilty." (384 U.S. at p. 7 [16 L.Ed.2d at p. 319].) Since the Ohio procedure considered in *Brookhart* was in all cases the equivalent of a plea of guilty, it would not be unreasonable to expect trial courts to recognize the applicability of *Boykin* to that procedure. It does not follow, however, that trial courts should have anticipated extension of *Boykin* to the California procedure of stipulating to submission on the transcript of the preliminary hearing, a procedure which in many instances is entirely consistent with a defendant's continued assertion of innocence. (See *In re Mosley*, 1 Cal.3d 913, 924, fn. 9 [83 Cal.Rptr. 809, 464 P.2d 473].)

Therefore, not until our decision in *Mosley* could we reasonably expect trial judges to consider the possible necessity to apply the rules enunciated in *Boykin* and *Tahl* to the acceptance of stipulations to submit causes on the transcript of a preliminary hearing, or to subsequent stipulations. It was for that reason that we said in *Mosley:* "We think it clear, however, that *Boykin* and *Brookhart* taken together, require that in the future the use of stipulations which, in the circumstances of the particular case, are in fact tantamount to a plea of guilty . . . must be accompanied by an affirmative showing on the record that the defendant waives his right to freedom from compulsory self-incrimination, his right to trial by jury, and his right to confront his accusers." (*In re Mosley, supra,* 1 Cal.3d 913, 926, fn. 10.) In imposing these requirements only "in the future," i.e., to stipulations made subsequent to January 30, 1970, the date of our decision in *Mosley,* we gave recognition to the justifiable reliance of the trial courts on the adequacy of the former practice. Both the trial judge and counsel for defendant demonstrated commendable foresight here in anticipating *Mosley* when the stipulation to submit the matter on the transcript was offered. Their failure to recognize that the *voir dire* should have been repeated with

respect to defendant's waiver of his right of confrontation by and cross-examination of those witnesses whose evidence was considered as a result of the second stipulation, or to establish on the record that defendant was aware that his plea was tantamount to a plea of guilty and was cognizant of the possible penalty, does not invalidate the stipulation.

■ Our holding that *Mosley* is to be accorded only prospective effect does not mean that a defendant is without a remedy if his trial occurred prior to that decision. He is not precluded from showing in a collateral attack on the judgment of conviction that the stipulation was involuntarily made (*Halliday* v. *United States, supra,* 394 U.S. 831, 833; *In re Tahl, supra,* 1 Cal.3d 122, 134) or was made by counsel without his acquiescence after he had expressly indicated his desire to plead not guilty. (*Brookhart* v. *Janis, supra,* 384 U.S. 1, 7-8 [16 L.Ed.2d 314, 318-319]; *People* v. *Wheeler* (1968) 260 Cal.App.2d 522 [67 Cal.Rptr. 246].)

Here, however, counsel's stipulation to consideration of the police and laboratory reports was made in conformity with the then applicable California procedure and federal constitutional standards. It was properly accepted by the trial court. The record before us does not permit us to conclude that it was made over defendant's objection or without his knowledge. Nor can we conclude on this record that counsel's stipulation demonstrates that defendant did not receive effective assistance of counsel. (*People* v. *Ibarra* (1963) 60 Cal.2d 460 [34 Cal.Rptr. 863, 386 P.2d 487].) To the contrary, it appears that in the face of strong evidence of guilt, counsel obtained a reduction in the possible degree of the crime,[5] dismissal of a second count, and a finding that an alleged prior was not proven, a result strongly suggesting that the stipulation may have been the product of a negotiated plea bargain.

■ Defendant's final contention, that the evidence was the product of an illegal search and seizure, was not raised below. The evidence presented at the preliminary hearing was admitted without objection and that contained in the police crime and laboratory reports was admitted by stipulation. It is well established that evidence admitted without objection at trial may not be challenged for the first time on appeal. (*People* v. *Flores* (1968)

---

[5]Although the preliminary hearing testimony indicates that the burglary took place at night, and would, therefore, be first degree burglary (Pen. Code, § 460), the prosecution, nevertheless, stipulated that the burglary would be second degree:

"THE COURT: People willing to stipulate that the burglary, if existent in this case, is burglary in the second degree.

"[DEPUTY DISTRICT ATTORNEY]: Yes, Your Honor."

68 Cal.2d 563, 567 [68 Cal.Rptr. 161, 440 P.2d 233]; *People* v. *Richardson* (1959) 51 Cal.2d 445, 447 [334 P.2d 573].)

The judgment is affirmed.

McComb, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.

**PETERS, J.**—For the reasons set forth in my concurring and dissenting opinion in *In re Tahl,* 1 Cal.3d 122, 138 et seq. [81 Cal.Rptr. 577, 460 P.2d 449] and my dissenting opinion in *In re Mosley,* 1 Cal.3d 913, 927 et seq. [83 Cal.Rptr. 809, 464 P.2d 473], I dissent in the present case. In my opinion, *In re Mosley, supra,* should at least be given limited retroactive effect to at least the date of the decision in *Boykin* v. *Alabama,* 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709].

Appellant's petition for a rehearing was denied March 31, 1971. Peters, J., was of the opinion that the petition should be granted.