[Crim. No. 7475.    Second Dist., Div. Three.    Feb. 27, 1961.]

THE PEOPLE, Respondent, v. ALBERT BARRERAS VIGIL, Appellant.

Albert Barreras Vigil, in pro. per., for Appellant.

No appearance for Respondent.

, SHINN, P. J.—Albert Barreras Vigil was, by indictment, accused of two counts of selling heroin. It was alleged that he had served prison terms following a conviction of larceny of an automobile, assault with a deadly weapon, burglary, and violation of section 666, Penal Code, a felony. He was represented by a deputy public defender in a nonjury trial. He admitted the prior convictions and was convicted on both counts. Probation was denied and he was sentenced to state prison. He appealed in propria persona from the judgment. He applied to this court for appointment of counsel on the appeal; after reading the record and ascertaining that the appeal was without merit, the application was denied; after 30 days' notice duly given to defendant, no brief has been filed.

Defendant made two sales of heroin to a police officer; he did not testify or offer any other defense. His appeal is frivolous. Joseph A. Gunn, an undercover narcotics officer of the Los Angeles Police Department, accompanied by one Richard Sapion encountered defendant on a street in Los Angeles, at which time defendant walked up to them and after a brief conversation gave the officer five capsules which were proved to contain heroin, and was paid $10 by the officer. Ten days later the officer, in company with Mrs. Sapion, encountered the defendant in the same locality and on this occasion the officer gave defendant a $10 bill and received five capsules which contained heroin. Mr. and Mrs. Sapion were acquainted with defendant. Questioned where they could be located the officer testified that he did not know their address

or where they could be found. After the substances received from defendant had been identified as containing heroin they were introduced in evidence without objection. No objection was made throughout the trial to the receipt of evidence.

█ The indictment was returned to the court April 19, 1960; May 9th, defendant, being present with his counsel, pleaded not guilty and trial was set for June 30th. No objection was made to the trial date. On June 30th, on motion of defendant, trial was continued to August 25th, on which date defendant made a motion for dismissal on the ground the case had not been brought to trial within 60 days after filing of the indictment. The motion was denied. It was properly denied for the reason that the defendant, although represented by counsel, made no objection when the case was set for trial on June 30th. On that date the trial was continued to August 25th on his motion. The clerk noted in the minutes of August 25th "time waived." Appellant waived the right to an earlier trial. (*People* v. *Taylor*, 52 Cal.2d 91 [338 P.2d 337].) He had a fair trial.

This is but another of the numerous hopeless appeals in which applications for appointment of counsel have been denied.

It has been advocated that counsel must be appointed whenever requested (see first concurring opinion *People* v. *Brown*, 55 Cal.2d 64 [9 Cal.Rptr. 836, 357 P.2d 1072].) The argument in favor of this procedure is not that representation is a matter of right, but that the courts (all District Courts of Appeal and all other reviewing courts) are not competent, without the aid of paid counsel, to examine a record on appeal and determine whether the appeal may possibly have merit or is unquestionably frivolous.

█ Unlike the constitutional right of indigents to be represented by court-appointed counsel in the trial court, representation on appeal is regarded as discretionary with all reviewing courts, except in rare cases in which appointment of counsel is required by statute. The only requirement in our state is that if counsel is appointed a fee must be paid by the state, in an amount fixed by the court. (Pen. Code, § 1241.)

Each court must have its own policy, and while these may differ, it is not to be presumed that any court would knowingly deprive an appellant of a substantial right in the matter of an appeal. █ The general practice has been to appoint counsel in all cases in which representation would serve a useful

purpose and to deny counsel in cases of obviously futile appeals. It is our view that the matter should be treated as discretionary as long as the Legislature does not see fit to create the office of public defender for the reviewing courts.

We must say, on behalf of the District Courts of Appeal, other than our own, that any low estimate of their ability does them an injustice. With rare exceptions the membership of those courts has been drawn from the ranks of lawyers in private practice, and trial judges. Over the years they have demonstrated to the satisfaction of the legal profession, and the public at large, an ability to perform the duties of the office.

Division Three of the Second District was created in 1941. The six members of the court who have served from time to time formerly served upon the superior court. They had had a combined experience in the practice, both civil and criminal, including four years as deputy public defender, of 121 years, and as judges of trial courts a total experience of 87 years. They have served upon the court a total of 62 years. The court has received able assistance from members of the voluntary committees on criminal appeals of the Los Angeles County Bar Association and the Criminal Courts Bar Association in the examination of records for the discovery of grounds of appeal. It is a type of service that has been traditional with the profession from the earliest times, and the fact that it has been rendered gratuitously has not detracted from its value.

In recent years there has been a great increase in the number of in propria persona appeals in criminal cases which, of course, is a matter of right. The cost of preparation of records on appeal has been great. Many of these appeals have been abandoned. Applications for appointment of counsel have been numerous. It is necessary for the court to examine each record in order to properly act upon the request.

If a record is voluminous counsel may be appointed, by this court, for that reason alone. In other cases counsel are appointed if a doubt exists that the appellant was afforded a fair trial. If appointment of counsel is denied the appellant is notified and given time to file a brief. Some briefs emanating from state prisons are authored by persons of considerable legal ability. But in no case in which appointment of counsel is denied is the appeal dismissed for failure to file a brief. The court, being already familiar with the record, disposes of the appeal on the merits by written opinion, in which the reason for denial of counsel is made clear. Rather

than being deprived of a fair hearing, the appellant is given what is probably an excess of consideration.

We cannot believe that all the courts have been wrong in exercising discretion, based upon an examination of the record, with respect to appointment of counsel on appeal. This court is not in favor of burdening the state with the expense of counsel fees in obviously hopeless cases.

The judgment is affirmed.

Vallée, J., and Ford, J., concurred.