[Crim. No. 1281.   Fourth Dist.   Sept. 14, 1961.]

THE PEOPLE, Respondent, v. GEORGE GOREE, Appellant.

George Goree, in pro. per., for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and George W. Kell, Deputy Attorney General, for Respondent.

GRIFFIN, P. J.—Defendant and appellant was charged in count one of an information with violating Health and Safety Code, section 11531; that on April 2, 1959, he sold, furnished and gave away marijuana; and in count two with violating Health and Safety Code, section 11530, on August 8, 1959 (possession of marijuana). He was also charged with prior convictions of a felony (armed robbery and receiving stolen property). He admitted the prior convictions and plead not guilty to the offenses charged. The jury returned a verdict of guilty on both counts.

The evidence at the trial disclosed that James D. Massey, an undercover agent for the sheriff, purchased one marijuana cigarette from defendant on April 2, 1959. This was the offense charged in count one. At the completion of Massey's undercover investigation, defendant and numerous other persons were arrested August 8, 1959. Defendant was asleep on a porch attached to his mother's home in Bakersfield when the arresting officers apprehended him. He was asked to put on his clothes and come along with the officers. He did so. At the jail, his clothing was searched and traces of debris were found in his shirt pockets. Analysis of this debris showed it to be marijuana. This was the offense charged in count two.

Defendant testified that he had never talked to Massey except once when Massey asked him for narcotics and defendant said he refused the request. Defendant admitted that he had previously used marijuana but said that he had stopped doing so some years before. He testified that on April 2, 1959, he was employed as a handyman at a mortuary and he worked that morning and was so working at the time Massey claimed to have purchased the marijuana cigarette from him. Defendant's employer testified that defendant worked under his supervision at the mortuary and was paid for working on April 2, 1959; that, however, defendant did not punch a time clock and his duties required him to take cars out to be serviced and lubricated and that occasionally he was given

time off to attend to personal affairs during the morning working hours.

The defense made no objection to the physical evidence and no issues with regard to search and seizure were involved at the trial. During cross-examination of Massey, he was asked whether he had been convicted of a felony and he said that he had not. Then he was asked if he had been convicted of assault with a deadly weapon and he admitted he had been so convicted. At one point in the trial, the defense attorney referred to Massey as a ''professional liar'' and the court ordered the comment stricken. The defense attorney then cut short his cross-examination of Massey.

Massey testified that he had approached defendant and attempted to purchase a marijuana cigarette from him because he had heard that defendant was selling narcotics. On cross-examination, it was pointed out that at the preliminary hearing Massey had testified that he had never heard from any source that defendant sold marijuana. On redirect examination, Massey testified that he had heard from a person named Buchanan that defendant was selling marijuana, and Massey then testified that he himself had purchased marijuana from Buchanan and that Buchanan had been charged with and pleaded guilty to selling marijuana. Massey testified that Buchanan was a friend of defendant. At this point, the defense attorney objected to this testimony and this line of questioning was dropped.

Somehow the defendant acquired what appears to be the F.B.I. arrest record of the undercover agent, Massey, and he attempted to have this record made a part of the transcript on appeal. This procedure is not authorized. The record was not offered or admitted in evidence or referred to at the trial. Defendant's request was denied. He then, without right, appended to his opening brief a record which indicates that Massey had been convicted of grand theft, burglary, assault with a deadly weapon and theft, the latter two convictions occurring after defendant's arrest. However, in each case, it appears that Massey was sentenced to the county jail or industrial road camp and no felony offense was indicated. Massey's testimony, therefore, that he had never been convicted of a felony appears to have been true.

At the time of the arguments to the jury, the district attorney and defense attorney stipulated that the court reporter need not make a record of the arguments. The court reporter, nevertheless, apparently took notes during the

argument. Defendant requested that the opening statements of counsel and their closing arguments be made a part of this record on appeal, which request was generously granted by this court over objection of the attorney general. The supplementary transcript contained a transcript of the court reporter's notes made during the closing argument and no indication of error or prejudicial misconduct is contained therein.

Defendant contends that: (1) the refusal to appoint counsel to represent him on his appeal constituted a denial of his constitutional rights and relies on the concurring opinion in the case of *People* v. *Brown,* 55 Cal.2d 64 [9 Cal.Rptr. 836, 357 P.2d 1072]; (2) the trial court erroneously refused to permit him to present evidence for the purpose of impeaching Massey and to show perjured testimony; (3) the transcript on appeal was fraudulently prepared in that the opening and closing arguments were not initially included therein.

Defendant had counsel representing him at the trial. After conviction he filed a notice of appeal in propria persona. Subsequently he applied to this court for appointment of counsel. This court, as is usual, sent a letter to defendant's former counsel, stating that defendant had appealed his case and was seeking the appointment of an attorney. His counsel was requested to point out to this court within 10 days any substantial grounds of appeal which he believed the record indicated and which would justify a reversal. The letter then stated that if we did not hear from him within said time we would assume there were no suggested points which he desired to have called to our attention. No reply was received. A similar letter was sent to defendant and a letter was received from defendant stating several grounds, including the above-noted contentions. The justices of this court made an independent investigation of the record and determined that it would not be beneficial to the defendant or to this court to have counsel appointed for him and his application was denied under authority of *People* v. *Hyde,* 51 Cal.2d 152 [331 P.2d 42]. Defendant was given a reasonable time to file a brief on appeal if he so desired. He filed a voluminous brief, reiterating these points. The attorney general, after reading the record, filed a brief in reply and fully discussed the points indicated, and stated he found no reversible error. He fully and fairly answered the questions raised.

The portions of the opinion which defendant has quoted in his brief in *People* v. *Brown, supra,* 55 Cal.2d 64,

620

are contained in Mr. Justice Traynor's concurring opinion, and, as such, of course do not constitute binding authority for defendant's contention that the appointment of counsel on appeal is a matter of right. *People* v. *Hyde, supra,* 51 Cal.2d 152, was not specifically overruled by it. See also *People* v. *Vigil,* 189 Cal.App.2d 478 [11 Cal.Rptr. 319]. No error appears in this respect.

Defendant next contends that Massey, the state's principal witness, was, and is, a professional liar, and that his attorney was improperly precluded by the trial court from establishing this fact. The record shows that the patient trial judge admonished defense counsel not to refer to the witness as a "professional liar" in the presence of the jury and during the trial, and that counsel thereupon discontinued further examination of the witness in a fit of pique, saying:

"If I am going to be interrupted . . . and belted every time I open my mouth, I am not going to continue with the trial. I try my cases, and if I am out of order then the court can put me out of the court. . . . I have nothing further to ask of any of these witnesses."

It thus appears that defense counsel voluntarily discontinued his examination and that he was not precluded in any way from conducting a reasonable and proper cross-examination. In fact, the court suggested that he continue, in a reasonable manner, as follows: "You ask another question, and I will rule on the objection, if there is one. . . . Will you ask another question, please?"

Prior thereto, the witness was asked if he had ever been convicted of a felony and he answered, "Nope." He admitted pleading guilty to assault with a deadly weapon on September 2, 1959, subsequent to the arrest of defendant, and that he had been employed by the sheriff since March 16, 1959. There was no further cross-examination as to any previous convictions. The so-called "rap sheet" in reference to the prior arrest of the witness was not offered or refused in evidence. It does show several prior arrests but none indicate a punishment for a felony. There is no showing that the prosecution knew of this record or that such evidence was suppressed by the district attorney. The question of the veracity of the state's witness was for the jury to determine.

Defendant next asserts that the court reporter furnished a fraudulent record of the opening and closing arguments of the several attorneys. It should be noted that defendant's counsel specifically stipulated that there was no

need to report the respective arguments. The supplement to the record on appeal, ordered by this court as a precautionary gesture and not as a right, was certified by the court reporter as being a full, true and correct transcript of her shorthand notes of the proceedings in this matter. We have fully examined the supplemental report and no prejudicial misconduct appears therein. We see no merit to these contentions.

Judgment affirmed.

Shepard, J., and Coughlin, J., concurred.