Francis L. GILL, Plaintiff–Appellant,

v.

Ramon G. VILLAGOMEZ, Judge Pro Tem, Superior Court of Guam, Defendant–Appellee,

Government of Guam, Real–party–in–interest–Appellee.

No. 96–17103.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 3, 1997.

Decided April 2, 1998.

Francis L. Gill, pro se, Agana, Guam, appellant.

David M. Moore, Office of Atty. Gen., Agana, Guam, for appellee.

Before: REINHARDT, LEAVY and THOMAS, Circuit Judges.

Per Curiam Opinion; Concurrence by Judge Reinhardt.

## PER CURIAM:

Francis L. Gill appeals the Appellate Division of Guam's denial of a writ of mandamus compelling dismissal of criminal charges against him for violation of Guam's speedy trial statute. We conclude that, although mandamus is an appropriate remedy for alleged statutory speedy trial violations, the trial court did not abuse its discretion in denying the motion.

## I

In 1991, Gill was indicted in the Superior Court of Guam for conspiracy to steal government land. At the time of his arraignment, he waived his right to a speedy trial and agreed to allow a trial setting beyond the sixty days required by Guam statute. He moved the Superior Court to dismiss the indictment as violative of the Double Jeopardy Clause because a previous trial for conspiracy had included the same charge. The trial court granted Gill's motion. The government appealed the order to the Appellate Division of the District Court of Guam ("Appellate Division"). The Appellate Division reversed. Gill appealed, and we affirmed the Appellate Division. The mandate was issued by the Appellate Division on October 25, 1995 and received by the Superior court on October 30, 1995. On January 10, 1996, a trial judge was assigned. An initial hearing on the return of the mandate was held on February 21, 1996. At that hearing, Gill for the first time expressly demanded a speedy trial. He further asserted that his right to a speedy trial had been violated by the Government's failure to bring him to trial within sixty days of the return of mandate.

On February 28, 1996, Gill's motion to recuse the assigned trial judge was granted. Judge Villagomez was assigned the case on March 16, 1996. On April 1, 1996, Judge Villagomez heard argument on the petitioner's motion to dismiss for lack of a speedy trial, which Judge Villagomez denied from the bench. Gill filed a petition for writ of mandamus with the Appellate Division on April 19, 1996. On October 4, 1996, the Appellate Division denied the writ. The Appellate Division held that the Superior Court's legal and factual determinations were supported by the record, specifically finding that good cause existed for the delay and that Guam's speedy trial statute did not provide Gill a remedy. Gill's timely appeal to this Court followed.

## II

We first reject the Government's argument that mandamus is not a proper remedy, an issue we review de novo. *R.T. Vanderbilt Co. v. Babbitt,* 113 F.3d 1061,

1065 (9th Cir.1997). Under Guam law, a court is authorized to issue a writ of mandamus when (1) the petitioner has no plain, speedy, and adequate remedy in the ordinary course of law, and (2) the court in question has abused its discretion. *Apusento Garden v. Superior Court,* 94 F.3d 1346, 1351 (9th Cir.1996).

■■■■ Gill has satisfied the first requirement because he does not have a plain, speedy, adequate post-trial remedy for denial of a statutory right to a speedy trial under Guam law. In reviewing an application for writ of mandamus to the Appellate Division, we look to the California standard for mandamus review.[1] *Id.* Under California law, "the defendant's proper remedy in this situation is to petition for writ of mandate prior to the commencement of trial." *People v. Wilson,* 60 Cal.2d 139, 32 Cal.Rptr. 44, 51, 383 P.2d 452, 459(In Bank). Indeed, if the defendant elects to raise a speedy trial issue on post-trial direct appeal, he or she bears the additional burden of showing that the delay prejudiced the case. *People v. Cory,* 157 Cal.App.3d 1094, 1098, 204 Cal.Rptr. 117 (Cal.Ct.App.1984). This is a formidable, and in most cases, impossible task. Thus, contrary to the government's argument, a pre-trial writ of mandamus is not only a proper remedy, it is the preferred remedy for denial of a right to a speedy trial.

■■■■ However, although properly raised, Gill does not satisfy the second *Apusento* requirement: that the district court abused its discretion. A writ of mandamus compelling dismissal for lack of a speedy trial must issue if it "clearly appears that there was no good cause shown at the hearing" and the trial court had a "clear positive legal duty [to] dismiss the indictment." *Wilson,* 32 Cal. Rptr. 44, 383 P.2d 452 (internal citation and quotation marks omitted).

■■ Gill waived his statutory speedy trial rights when he was arraigned. Two subsequent interlocutory appeals followed—one initiated by the government, the other by Gill. Gill did not assert his statutory right to a speedy trial until February 21, 1996. His assertion arguably entitled him to a trial on or before April 22, 1996.[2] Judge Villagomez denied his motion to dismiss for lack of a speedy trial on April 1, 1996, and Gill filed the writ of mandamus at issue on April 10, 1996. All of these actions occurred before the statutory period expired. Thus, the trial court did not abuse its discretion in denying the motion.

Gill contends that the issuance of the mandate after an appeal automatically triggers the statutory period under Guam law. Thus, he argues, because more than sixty days elapsed after the mandate was issued, his statutory speedy trial rights were violated and he is entitled to dismissal. However, even assuming that the statutory period resumed upon remand, Gill's unrevoked waiver would preclude his claim.

Further, Guam statutes do not provide for renewal of a right to trial within sixty days of remand from an appeal, vitiating Gill's claim that a new right arose on remand which the trial court had a "clear positive legal duty" to recognize. *Wilson,* 32 Cal.Rptr. at 51, 383 P.2d at 459.

Guam's court calendaring statute provides, in relevant part:

(a)(3) Except as otherwise provided in Subsection (b), the court shall dismiss a criminal action if [t]he trial of a defendant, who is not in custody at the time of his arraignment, has not commenced within sixty (60) days of his arraignment.

(b)(3) A criminal action shall not be dismissed pursuant to Subsection (a) if [g]ood

---

**1.** Guam enacted its mandamus provision in 1933 verbatim from the California Code of Civil Procedure. Thus, California cases interpreting the provision are persuasive authority. *Apusento,* 94 F.3d at 1351.

**2.** *See* 8 G.C.A. § 1.25, Computation of Time. Although the trial date was ultimately set for April 29, which falls outside the statutory period, because Gill consented to the trial date, *See* 2/28/96

Tr. at 8–9, his right to trial on or before April 22 is deemed waived. *See People v. Vigil,* 189 Cal. App.2d 478, 11 Cal.Rptr. 319 (Cal.Ct.App. 1961)(where defendant failed to object at the time a cause was set beyond the statutory period, he waived the right to an earlier trial). Therefore, his only viable statutory speedy trial claim is based upon his contention that the 60 day clock started on October 31, 1995.

cause is shown for the failure to commence the trial within the proscribed period.

8 G.C.A. § 80.60.

This statute was derived from a California statute, Cal.Penal Code § 1382. In 1951, section 1382 was amended to provide that the government was required to bring a defendant to trial within sixty days after issuance of a mandate on appeal. However, the Guam legislature choose not to amend the parallel Guam statute and left it without any reference to a speedy trial right on remand.

 In the absence of controlling Guam case law, we must construe the Guam speedy trial statute under California law. As a principle of statutory construction, we assume from statutory amendments a purpose to change existing law. *In Re Lance W.*, 37 Cal.3d 873, 210 Cal.Rptr. 631, 640–41, 694 P.2d 744, 753(In Bank). Thus, the fact that California had to amend the statute to provide a speedy trial right on remand indicates the right did not exist under the pre–1951 statute from which Guam law was derived.

A review of California case law construing the pre–1951 version of Cal.Penal Code § 1382 supports this conclusion. The most closely analogous California case on the issue presented in this appeal is *Ex Parte Alpine*, 203 Cal. 731, 265 P. 947(In Bank). In *Alpine*, the criminal defendant successfully appealed an adverse jury verdict. More than sixty days passed after remittitur was filed with the superior court before the defendant was retried. Under those circumstances, the California Supreme Court held that § 1382 did not apply to criminal prosecutions commenced after appellate remand. *Id.* at 949. In so holding, the court distinguished cases in which § 1382 was construed to require a

timely trial following a mistrial. *See, e.g., In re Begerow*, 133 Cal. 349, 65 P. 828(In Bank). *Alpine* was cited with approval in a subsequent California Supreme Court case, *See People v. Marshall*, 209 Cal. 540, 289 P. 629, 631(In Bank), and was not overruled prior to the 1951 amendments to § 1382.

Of additional significance is Gill's unrevoked waiver and the fact that Gill initiated one of the appeals in this case. Given these facts, coupled with (1) the absence of any express speedy trial right on remand in 8 G.C.A. § 80.60, (2) the principles of statutory construction as applied to the California statute of origin, (3) the failure of the Guam legislature to amend the statute after California modified the statute of origin to apply to remanded cases, and (4) the California Supreme Court's construction of the preamendment statute of origin, the trial court was under no "clear positive legal duty" to dismiss the criminal charges for violation of Guam's speedy trial statute. Our resolution of this issue makes it unnecessary for us to consider, pursuant to 8 G.C.A. § 80.60(b)(3), whether good cause existed for the delay.

 Gill further claims that his Sixth Amendment right to a speedy trial was violated. However, we cannot reach that claim here. A trial court's denial of a defendant's motion to dismiss a trial on Sixth Amendment-as opposed to statutory-grounds is not appealable pretrial. *United States v. MacDonald*, 435 U.S. 850, 98 S.Ct. 1547, 56 L.Ed.2d 18 (1978).[3]

The Appellate Division correctly denied the writ of mandate in this case.[4]

AFFIRMED.

---

3. Even if a Sixth Amendment claim were properly brought pretrial, it would almost certainly be unsuccessful. Under *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the Supreme Court articulated four factors to be weighed in determining whether an accused has been deprived of his Sixth Amendment rights: length of delay, reason for delay, whether the right was asserted, and prejudice. In this case, the delay was relatively short, Mr. Gill did not assert his right to a speedy trial prior to April 22, 1996, and there is no evidence that he was prejudiced by the delay. *Cf. Dickey v. Florida*, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970) (case dismissed on Sixth Amendment grounds where accused was tried eight years after the indictment; accused was available to state at all times; accused made diligent and repeated efforts by motions in state court to secure a prompt trial; in interval, two witnesses died and other potential defense witnesses were unavailable; and police records relevant to the case had been lost or destroyed).

4. We do not opine as to whether a different factual background, such as the prosecution being solely responsible for the pre-trial appeals, might produce a different result. Because of the potential for confusion on this question, we commend it to the attention of the Guam legislature.

REINHARDT, Circuit Judge, concurring:

I agree with the majority that mandamus is the appropriate remedy for the denial of the right to a speedy trial in a case of this nature. I also agree that the Guam appellate court properly denied Gill's petition for a writ of mandamus. Finally, I agree that both Gill's motion to dismiss and his petition for a writ of mandamus were premature.

Following his remand from the Guam Appellate Division, Gill invoked his speedy trial rights on February 21, 1996. The majority appears to be correct that Gill's earlier waiver of his speedy trial rights in connection with his double jeopardy motion remained effective until that date. Therefore the earliest time at which a violation of the statute could have occurred was sixty-one days later, April 23. Both Gill's motion and petition were filed before that date and were therefore premature. Accordingly, I concur in the majority's conclusion that the court did not abuse its discretion in denying them.

Under § 80.60(b)(3) of the statute, an indictment on which a trial commences beyond the sixty-day period shall not be dismissed if good cause is shown for the delay. 8 G.C.A. § 80.60(b)(3). Delay "caused by the conduct of the defendant" or by "unforeseen circumstances" constitutes good cause. *People v. Johnson*, 26 Cal.3d 557, 162 Cal.Rptr. 431, 439, 606 P.2d 738, 745–46. A "[d]elay for defendant's benefit also constitutes good cause." *Id.* Assuming that February 21 was the date on which Gill's speedy trial clock began running, there was good cause under the Guam statute for setting trial seven days beyond April 22. Between February 21 and April 22, the court considered Gill's motion to recuse the trial judge and his motion to dismiss. The time taken to consider either of these motions was sufficient to constitute good cause for a seven-day delay. Accordingly, no speedy trial violation would have occurred had the trial been held on April 29 in accordance with the schedule promulgated by the trial judge.

### Motion to Recuse Judge Manibusan

On February 28, Gill requested Judge Manibusan's recusal due to a conflict of interest. The motion was immediately granted. Judge Manibusan informed Gill that it would require approximately two weeks for the presiding judge to appoint a new judge. On March 16, Judge Villagomez was assigned to his case. The sixteen-day period which ended with the selection of the new trial judge is excludable for good cause because Gill filed the recusal motion and the replacement of Judge Manibusan was for his benefit.

While Guam and California courts do not appear to have considered whether delay caused by a motion to recuse a trial judge and appoint a replacement constitutes good cause, *Guam v. Ibanez*, 1992 WL 97221, 2 (D. Guam App. Div.1992), held that the time required in order to appoint a new attorney for the defendant constitutes such cause. In *Ibanez*, the trial court appointed four different attorneys to represent the defendant due to the conflicts of interest of the first three counsel. *Id.* at 3. The court concluded that the seventy-five-day delay resulting from the appointment process was excludable for good cause because obtaining proper counsel was to the defendant's benefit. *Id.*

As in *Ibanez*, in the instant case Gill was responsible for seeking the recusal, and the replacement of Judge Manibusan was for his benefit. It is apparent that some reasonable period of time must be allowed to select a judicial replacement once the defendant has sought recusal ·of the originally assigned judge. Sixteen days appears to be reasonable particularly given the fact that there were only five judges who could hear the case, and the Guam court was experiencing an unusual backlog from the recent elevation of two judges. Thus, the sixteen days were excludable from the statutory speedy trial period.

### Motion to Dismiss

On February 21, Gill sought a dismissal of the indictment arguing that the statutory speedy trial period began running immediately after the October remand. Gill contended that the speedy trial deadline had already passed and that any trial from that point on-even a trial that commenced within sixty days of February 21–would constitute a violation of his speedy trial rights. Judge Manibusan allowed the government approximately one week to file its reply brief to

Gill's motion and gave Gill another week to respond. Because of the filing of that motion and the recusal motion, Judge Manibusan decided to set the trial date for April 29. Judge Villagomez then heard the motion on April 1 and denied it. Generally, the time from "the filing of [a defendant's] motion to its decision is excludable for good cause, since the motion was filed by the defendant and was for his benefit." *Ibanez*, 1992 WL 97221 at 3. We need not decide whether, in the case of a speedy trial motion, that rule is applicable in its entirety. We need only exclude a portion of the period allocated for the filing of the reply brief and the response in order to conclude that no violation occurred. Gill's initial motion to dismiss on speedy trial grounds was not well founded. Had he been correct, he would have been entitled to a dismissal of the indictment. Because he was wrong, at least the portion of time reasonably attributable to the motion must be excluded for purposes of our ultimate speedy trial decision.[1]

The tolling effect of the two motions Gill filed extended the statutory period well beyond the original April 22 expiration date. The time required to consider either motion was sufficient to constitute good cause for a delay until April 29 or afterwards. Thus had Gill's trial commenced on April 29, as scheduled by the court, his speedy trial rights would not have been violated.

Having reached this conclusion, which is all that is required to dispose of the case before us, I would not decide the previously unanswered question-whether Gill's statutory speedy trial rights are lost simply because an interlocutory appeal is filed before any trial takes place. As the majority recognizes, the issue is one of first impression, requiring an interpretation of the Guam statute with little guidance from Guam or California law. The majority concludes that Gill's statutory right to a speedy trial does not exist because of the state's interlocutory appeal. Were I to decide the question, I would reach the opposite conclusion. I would hold that, when no trial has previously been held, a defendant's statutory right to a speedy trial continues to exist notwithstanding an interlocutory appeal. No case of which I am aware reaches a contrary conclusion.

A brief recitation of the relevant facts will help put the legal issue in context. Shortly after his arraignment, Gill filed a motion to dismiss on double jeopardy grounds. When doing so, he unnecessarily waived his speedy trial rights, since his motion would have tolled the time period in any event. I do not view Gill's "waiver" as permanent, but as applying to the period in which the double jeopardy motion was being considered. Had the trial court denied Gill's motion, he could, of course, have reinvoked that right and the speedy trial clock would have resumed running. In this case, however, the trial court granted Gill's motion and dismissed the charges against him. The government then successfully appealed the decision to an intermediate court and this court subsequently affirmed. Those appeals now serve as the justification for denying Gill his statutory right to a speedy trial.

It makes little sense to hold that while Gill would have retained his right to a speedy trial if he had failed to win his double jeopardy motion in the trial court, he now loses that right because he won the motion and the state appealed. Such a rule would unfairly and unreasonably penalize defendants who prevail on their pre-trial motions in the trial court. Moreover, it would unnecessarily force defendants who file pre-trial motions that may decide critical constitutional issues, such as a double jeopardy violation, to place at risk their right to a speedy trial.

The majority acknowledges that there is no "controlling Guam case law" that requires

---

1. While the court in *Hankla v. Municipal Court*, 26 Cal.App.3d 342, 102 Cal.Rptr. 896 (Cal.Ct. App.1972), concluded that the trial court erred by excluding for good cause the time taken to hear the defendant's motion to dismiss on speedy trial grounds, the circumstances in that case were entirely different. In *Hankla*, the speedy trial deadline had passed *before* the defendant filed his motion. He was therefore entitled to dismissal of the indictment as of the time the motion was filed. Any period of time attributable to the motion could therefore have had no effect on its outcome. By contrast, here, Gill mistakenly believed that his speedy trial rights had been violated before the speedy trial clock had even begun to run. When it did start, the time reasonably necessary to consider the motion was without doubt excludable.

such a result. (majority at 2971). It relies entirely upon *Ex Parte Alpine*, 203 Cal. 731, 265 P. 947 (en banc), a seventy-year-old California decision that is clearly distinguishable from the case before us because it involved a remand for a *new* trial after the jury verdict in the first trial was overturned on appeal. *Alpine* did not involve a remand for the defendant's *first* trial, as in the case here. *Alpine*, 203 Cal. at 733–35, 265 P. at 948. The two cases *Alpine* cites in support of its decision held that the California speedy trial statute "did not apply to cases where a defendant has appealed to this court and had his case sent back for a *second trial.*" *Id.* at 735, 265 P. at 949 (emphasis added). The court further underscored the difference between cases that were remanded for a second trial and those that had never come to trial by distinguishing *People v. Morino*, 85 Cal. 515, 24 P. 892, a case that "had no connection whatever with a mistrial or a new trial." *Id.* at 735, 265 P. at 949.

In this critical, indeed dispositive, respect, Gill's case differs from *Alpine*. Gill's case was not remanded for a *new* trial. Indeed, Gill has never had a trial at all. Unlike the defendants in the earlier California cases, Gill had not previously received the benefits of the speedy trial statute at a first trial-the time at which the California courts have held that the former statute was intended to apply. In my opinion, Gill was, therefore, entitled to the benefits of Guam's Speedy Trial Act when his first trial was rescheduled following remand. Unfortunately for Gill, however, this conclusion does not result in a dismissal of the indictment, because, as I explained earlier, the provisions of the Speedy Trial Act were not violated in his case. Because of the tolling that occurred, Gill's trial would have commenced in a timely manner had he not filed the writ of mandamus that is now before us. In summary, while I concur in the result in Gill's case, unlike the majority I believe that he was entitled to his speedy trial rights in connection with his first trial, the one scheduled for April 29; I further conclude that those rights were not violated by the selection of that trial date. I cannot concur, therefore, in the portion of the majority's analysis holding that Gill has somehow forfeited his statutory rights.

On a related point, I do not agree with the majority's conclusion that because Gill "consented to the trial date ... his right to trial on or before April 22 is deemed waived." (majority at 835, n. 2). In reaching this conclusion, the majority relies upon *People v. Vigil*, 189 Cal.App.2d 478, 11 Cal.Rptr. 319 (Cal.Dist.Ct.App.1961). In *Vigil*, the defendant did not in any way invoke his speedy trial rights when the late trial date was set. In fact, he subsequently requested a further continuance. Not until the date of trial did he raise a speedy trial objection. Not surprisingly, the court in *Vigil* concluded that the defendant's complete silence as to his speedy trial rights until the day trial was scheduled to commence constituted a waiver of that right. Here, as the pre-trial hearing transcript amply demonstrates, following remand Gill repeatedly asserted his speedy trial rights. He also made it plain that his willingness to schedule a late trial date did not constitute a waiver. Gill properly invoked and maintained his right to a speedy trial. Nevertheless, as I have explained, his statutory rights were not violated.

Finally, I concur in the part of the majority's opinion that holds that no constitutional violation occurred.

For these reasons, I respectfully concur in the result.