**UNITED STATES of America**

**v.**

**Roland MARTINEZ.**

No. 3–98–00091.

United States District Court,
M.D. Tennessee,
Nashville Division.

March 23, 1999.

William Henry Haile, Nashville, TN, for Roland Martinez.

## MEMORANDUM

HIGGINS, District Judge.

The Court has before it the defendant's supplemental memorandum in support of his motion to dismiss (filed January 20, 1999; Docket Entry No. 75), which the Court will treat as a motion to reconsider its decision on December 8, 1998, to deny the defendant's motion (filed December 4, 1998; Docket Entry No. 60) to dismiss.[1] On January 22, 1999, the government filed a response (Docket Entry No. 76) to the supplemental memorandum, stating that it was relying on the reasons set forth in its initial response of December 8, 1998. On March 3, 1999, the defendant filed a second supplemental memorandum (Docket Entry No. 89), and on March 4, 1999, the government filed a supplemental response (Docket Entry No. 91).

For the reasons discussed below, the Court shall grant the defendant's motion to reconsider (Docket Entry No. 75) and shall dismiss this case without prejudice.

### I.

On July 16, 1998, a two count indictment was returned against the defendant, Roland Martinez, charging him with possession with intent to distribute approximately 518 pounds of marijuana and conspiracy in relation to the marijuana charge. Indictment (filed July 16, 1998; Docket Entry No. 25). The trial of the defendant commenced on September 2, 1998, but on September 4, 1998, the Court declared a mistrial upon the request of Mr. Haile, the defendant's counsel.[2] On that same date, the Court questioned Mr. Haile and the government's attorney, Mr. Washko, about resetting the trial. Although neither Mr. Haile nor Mr. Washko had their calendars with them, the Court proposed to reset the trial for December 8, 1998, and Mr. Washko agreed. Mr. Haile informed the Court that he would check his calendar and promptly inform the Court if the date was acceptable. Transcript (Docket Entry No. 55) at 136–38. As Mr. Haile did inform the Court that December 8, 1998, was acceptable, the trial was reset for that date.

On September 10, 1998, a superseding indictment was filed by the government against the defendant, charging the defendant with an additional charge of possession with intent to distribute approximately 300 pounds of marijuana and changing the inception date of the conspiracy charge to encompass a broader period of time. Superseding indictment (Docket Entry No. 46). On September 17, 1998, the defendant appeared before the Magistrate Judge for arraignment on the superseding indictment, and Magistrate Judge Brown entered a standing discovery order, which provided for a period of 28 days in which to file pre-trial motions. *See* clerk's resume (filed September 17, 1998; Docket Entry No. 48); standing discovery order (entered September 18, 1998; Docket Entry No. 49) at 3.

On November 19, 1998, the defendant filed a motion to continue the trial on the

---

1. On December 8, 1998, the government filed a response (Docket Entry No. 63) to the defendant's motion to dismiss.

2. Although the Court granted the mistrial on the grounds that the government failed to advise Mr. Martinez that it had learned from Jeffrey Ray Howe, a co-defendant who pleaded guilty in this matter, that he and Mr. Martinez had been involved in obtaining and transporting a prior load of marijuana, the Court found no bad faith on the part of the government. Transcript (filed November 9, 1998; Docket Entry No. 55) at 132–36.

basis that additional time was needed to prepare motions to suppress and dismiss based on double jeopardy. Motion to continue (Docket Entry No. 56). On November 20, 1998, the Court denied the motion on the grounds that it was untimely, but the Court's order was not entered on the docket until November 23, 1998. Order (Docket Entry No. 58). On December 4, 1998, the defendant filed a motion (Docket Entry No. 60) to dismiss based on speedy trial grounds. The Court denied the motion on December 8, 1998, the date of trial. *See* clerk's resume (filed December 11, 1998; Docket Entry No. 65). On December 11, 1998, the defendant was found guilty on all three counts of the superseding indictment. *Id.* Subsequent to the trial, the defendant filed a supplemental memorandum (Docket Entry No. 75) in support of his motion to dismiss based on speedy trial grounds, which the Court shall address in this memorandum as a motion to reconsider.

## II.

### A. Date from which Speedy Trial Clock Runs

■ Title 18, United States Code, Section 3161(e) states that "[i]f the defendant is to be tried again following a declaration by the trial judge of a mistrial . . . the trial shall commence within seventy days from the date the action occasioning the retrial becomes final." Therefore, the speedy trial clock normally would have begun to run on September 5, 1998, the day after the Court declared a mistrial. However, in this case, the government filed a superseding indictment. Section 3161(c)(1) states that

> [i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the

information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

Accordingly, because the government filed a superseding indictment and the defendant appeared before Judge Brown for his arraignment on September 17, 1998, the seventy-day time period began to run on September 18, 1999, the day after the defendant's arraignment.[3]

The defendant argues that, under Section 3161(c)(1), the seventy-day time period should run from the filing date of the superseding indictment, which was September 10, 1998, because "Martinez had long since made his first appearance before a judicial officer of this district." Defendant's memorandum (Docket Entry No. 75) at n. 3. In support of his argument, the defendant cites to the Plan for Prompt Disposition of Criminal Cases under the Speedy Trial Act of 1974, which has been adopted by this District and is incorporated in the Local Rules of Court. Specifically, the defendant cites to Rule 4(a), which states:

> (a) *Time Limits.* The trial of a defendant shall commence not later than 70 days after the last to occur of the following dates:
>
> (1) The date on which an indictment . . . is filed in this district;
>
> (2) The date on which a sealed indictment . . . is unsealed; or
>
> (3) The date of the defendant's first appearance before a judicial officer of this district.

Rule 4(a), Plan for Prompt Disposition of Criminal Cases. However, Rule 4 goes on to state:

> (d) *Superseding Charges.* If, after an indictment . . . has been filed, a[n] . . . indictment . . . is filed *which charges the*

---

**3.** It is undisputed that the date of arraignment is excludable. *United States v. Rich-* *mond,* 735 F.2d 208, 211 (6th Cir.1984).

*defendant with the same offense or with an offense required to be joined with that offense,* the time limit applicable to the subsequent charge will be determined as follows:

. . . .

(2) If the original indictment . . . is pending at the time the subsequent charge is filed, the trial shall commence within the time limit for commencement of trial on the original indictment

. . . .

(f) *Related Procedures*

. . . .

(4) In the event that a[n] . . . indictment . . . is filed against a defendant charged in a pending indictment . . ., the trial on the new charge shall commence within the time limit for commencement of trial on the original indictment . . . *unless the court finds that the new charge is not for the same offense charged in the original indictment . . . or an offense required to be joined therewith.*

*Id.* at Rule 4(d)(2) and (f)(4) (emphasis added).

In the instant case, it is clear that the superseding indictment added a new charge of possession with intent to distribute approximately 300 pounds of marijuana.[4] The new charge involved a totally different date for the commission of the crime, separate and apart from the charge involving 518 pounds of marijuana, and was not required to be joined with the original charge. Thus, the Court finds that the speedy trial clock began to run on September 18, 1998, the day after the date of arraignment, and continued to run until December 8, 1998, the date the defendant's trial commenced. Accordingly, 81 days elapsed during the running of the speedy trial clock.

### B. Waiver

The government argues that the defendant waived his right to a speedy trial in this case. In support of its position, the government states in its response that "[t]here is case law to the effect that a defendant's consent to a scheduled trial date outside the statutory speedy trial period is and constitutes a waiver of his right to trial within the period," and that such case law applies to the instant case. Government's supplemental response (Docket Entry No. 91) at 10.

The government cites two Ninth Circuit cases, *Gill v. Villagomez,* 140 F.3d 833 (9th Cir.1998), and *United States v. Shetty,* 130 F.3d 1324 (9th Cir.1997), in support of its argument. In *Gill,* the Ninth Circuit considered the defendant's appeal from the district court of the District of Guam and found that the defendant waived his right to a speedy trial at his arraignment because he consented to a trial date which fell outside the statutory period. However, the details of his consent were not provided in the opinion, although it is clear that the defendant later asserted his speedy trial rights and argued that his willingness to schedule a late trial date did not constitute a waiver. *Gill,* 140 F.3d at 835, 839. In *Shetty,* the Ninth Circuit found that the defendant was not deprived of his right to speedy trial where he stipulated to several continuances of his trial and agreed to periods of excludable time arising from the continuances, but then later tried to argue a violation of the Speedy Trial Act some 540 days after his initial appearance and just ten days prior to trial. *Shetty,* 130 F.3d at 1327–31.

The Court finds that the facts of *Gill* and *Shetty* are not squarely on point with the facts in the instant case. First, the Court finds that, even though Mr. Haile did agree to the December 8, 1998, trial date, it is clear that he was not acting on the defendant's behalf in knowingly waiv-

4. Changing the inception date of the conspiracy charge to encompass a broader period of time arguably does not constitute a new

charge but is irrelevant since the additional charge of intent to distribute 300 pounds of marijuana is clearly a new charge.

ing his client's right to a speedy trial. Furthermore, in this case, the Court, Mr. Haile, and Mr. Washko all agreed on the December 8, 1998, trial date without so much as a fleeting thought as to its timeliness. Second, there is no evidence in the record to suggest that Mr. Haile noticed the possibility of a speedy trial violation and then intentionally waited until the requisite time had passed to file his motion. Accordingly, the Court rejects the government's argument that the defendant waived his right to a speedy trial in this case.

### C. Excludable Delays

■ The government also argues that certain days are excludable from the 81 day calculation. Section 3161(h) states:

(h) The following periods of delay shall be excluded ... in computing the time within which the trial of any such offense must commence:

(1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—

. . . .

(F) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion.

18 U.S.C. § 3161(h)(1)(F). In the government's original response (Docket Entry No. 63) to the motion to dismiss, the government argued that, pursuant to the case law of the United States Court of Appeals for the Seventh Circuit, the 28 days pro-

vided in the standing discovery order entered by Judge Brown are excludable as delay resulting from other proceedings under Section 3161(h)(1). *See United States v. Montoya*, 827 F.2d 143 (7th Cir.1987);[5] *United States v. Barnes*, 909 F.2d 1059, 1064–65 (7th Cir.1990); *United States v. Asubonteng*, 895 F.2d 424, 427–28 (7th Cir. 1990).

However, the position of the United States Court of Appeals for the Sixth Circuit in *United States v. Moran*, 998 F.2d 1368 (6th Cir.1993) is clearly contrary to that of the Seventh Circuit:

We disagree with the Seventh Circuit's conclusion. The statute expressly excludes only the period "from the filing of the [pretrial] motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(F). The statute does not provide that a period allowed by the district court for preparation of pretrial motions is to be excluded from the seventy-day computations. Moreover, the burden should not be on the defendant to take affirmative steps to keep the speedy-trial clock running.

*Id.* at 1370–71. Accordingly, under Sixth Circuit case law, the 28-day period is not excludable from the 81 days between arraignment and trial.

■ It appears that there is some time excludable from the 81 days under Section 3161(h)(1)(F). On November 19, 1998, the defendant filed a motion to continue.[6] On November 20, the Court denied the motion.[7] The day on which the motion was

---

**5.** In *Montoya,* the Seventh Circuit held that

the fact that the district judge here routinely set a motions schedule without Montoya's specific request is irrelevant....

... Even when motions are not actually filed in the allotted time, the amount of time *granted* by the district judge for their preparation and submission is excludable.... Whether a defendant actually files a motion or not is immaterial as the time served the purpose of allowing the defendant to consider what was in his best interests.

*Montoya,* 827 F.2d at 153.

**6.** The government argues that the date the motion to continue was filed is November 18, 1998. This is simply incorrect. Although the certificate of service date is November 18, 1998, the motion was not filed with the Clerk until November 19, 1998. *See* Docket Entry No. 56.

**7.** It is irrelevant that the Court's order was not entered on the docket until November 23, 1998. Under § 3161(h)(1)(F), the excludable time period ends upon "prompt disposition"

filed is not considered, and thus, only one day is excludable under the statute and under Sixth Circuit case law. *See United States v. Thomas,* 49 F.3d 253, 256 (6th Cir.1995) ("This circuit does not include the date a motion was filed in the calculation, unless that date was also the date an order was entered resolving the motion.").

 Additionally, on December 4, 1998, the defendant filed his motion to dismiss based on speedy trial grounds,[8] which the Court denied on the record on December 8, 1998, the date the trial began. Accordingly, 4 days are excludable, as the Court counts the day after the motion was filed, December 5, 1998, through the disposition of the motion, December 8, 1998.[9] *See United States v. Rogers,* 921 F.2d 975, 983–84 (10th Cir.1990) (holding that "the delay caused by filing a motion to dismiss for violating the Speedy Trial Act may be excluded pursuant to the terms of 18 U.S.C. § 3161(h)(1)(F) in computing the time within which the trial of any such offense must commence").

Therefore, there are 5 days which must be excluded from the 81–day period. The Court is left with 76 days, which violates the 70–day period set forth in the Speedy Trial Act by 6 days. Accordingly, the defendant's motion to reconsider the Court's decision denying the defendant's motion to dismiss shall be granted, and this case dismissed under 18 U.S.C. § 3162(a)(2).

### D. Dismissal With or Without Prejudice

 Although the superseding indictment must be dismissed in this case, Section 3162(a)(2) states:

In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

Even in a case such as this one, where the defendant went to trial in the first instance but the Court declared a mistrial, and then the defendant was retried again and found guilty on all counts, a Court may still dismiss the superseding indictment without prejudice. *See United States v. Thompson,* No. 94–4157, 1995 WL 438398 (6th Cir. July 24, 1995) (instructing the district court to dismiss the indictment *without prejudice* after consideration of the various factors, even though the district court had declared a mistrial after the case was submitted to the jury, and upon retrial, the defendant was found guilty on all counts). Accordingly, the Court shall consider the above factors in turn.

### 1. seriousness of the offense

In *United States v. Pierce,* 17 F.3d 146 (6th Cir.1994), the Sixth Circuit held that "the Speedy Trial Act's requirement that courts must consider the 'seriousness of the offense' simply demands that the gravity of the crime be carefully considered as a factor in deciding whether to dismiss without prejudice." *Id.* at 149. In *Thompson,* the Sixth Circuit found that the charges of possession of crack cocaine

---

of the motion if there is no hearing, which would definitely occur with the Court's ruling on the motion. Such a calculation is the practice in this District, and thus, the date on which the Court's decision is entered on the docket is irrelevant.

8. Again, the government incorrectly asserts that the motion was filed on December 2, 1998, which is the certificate of service date. However, the motion to dismiss was not filed with the Clerk until December 4, 1998.

9. Arguably, only 3 days are excludable since the day the motion was decided by the Court, December 8, 1998, was the same day the trial began, and thus, December 8 was not included in the Court's calculation of 81 days. Regardless of whether 3 or 4 days are excludable for delay resulting from the motion to dismiss, there is still a violation of the 70–day period.

with intent to distribute, carrying and using firearms in relation to a drug trafficking crime, and possessing an unregistered shotgun constituted a serious offense. *Thompson,* 1995 WL 438398, at *1.

Although the instant case does not involve firearms, the defendant was charged with two separate instances of possession of marijuana with intent to distribute. The first instance involved approximately 300 pounds, and the second instance involved approximately 518 pounds. The defendant was also charged with conspiracy to possess the marijuana with intent to distribute it. Based on such charges, the Court finds that the defendant in this case was charged with a serious offense.

### 2. facts and circumstances leading to dismissal

In *Pierce,* the Sixth Circuit noted that the lower court

> recognized that the delay that led to the instant Speedy Trial Act violation resulted from no prosecutorial bad faith nor from any attempt to take tactical advantage of a delay. Where there is no affirmative misconduct by either party, the court's conclusion that this second factor authorizes dismissal with or without prejudice is a matter within its discretion.

*Pierce,* 17 F.3d at 149; *see Thompson,* 1995 WL 438398, at *3 (noting that "[t]he record shows no procedural abuse by any party" in deciding to dismiss the indictment without prejudice). In the instant case, the Court finds that there was no misconduct on the part of either the government or the defendant, even though the defendant argues in his papers that the government's conduct constituted "overreaching" (defendant's second supplemental memorandum (Docket Entry No. 89) at 3), and the government argues that the defendant's conduct "smacks of gamesmanship" (government's supplemental response (Docket Entry No. 91) at 11).

However, there is simply no evidence in the record whatsoever of any prosecutorial bad faith or an attempt to take tactical advantage of a delay or affirmative misconduct on the part of either party. As the Court has previously noted, both the defendant's attorney, Mr. Haile, and the government's attorney, Mr. Washko, agreed with the Court's proposal of December 8, 1998, to retry this case. No party, not even the Court, was aware of or gave any consideration to any speedy trial concerns at the setting of the trial date. Accordingly, as dismissal with or without prejudice is a matter within the Court's discretion, the Court will consider the last factor.

### 3. impact of reprosecution on the Act and justice

In *Pierce,* the Sixth Circuit noted that the district court found that the defendant

> suffered no prejudice as a result of the delay in the case, as the prosecutorial evidence is primarily documentary as opposed to testimonial. In addition, there is no evidence here of prosecutorial misconduct that must be deterred to ensure compliance with the Act.

*Pierce,* 17 F.3d at 149. Likewise, in the instant case, the Court has already found no prosecutorial misconduct that would warrant a dismissal of this case with prejudice. Furthermore, even though the evidence in this case is not primarily documentary as opposed to testimonial, the Court notes, as did the Sixth Circuit in *Thompson,* that "[t]he record of the trial is fully developed and could be used should any witnesses prove unavailable." *Thompson,* 1995 WL 438398, at *3. The Court also notes in this case, that the prejudice resulting from the delay in this case is at best minor, as the Speedy Trial Act was violated by only 6 days and not by a copious number of days. *See United States v. Taylor,* 487 U.S. 326, 341, 108 S.Ct. 2413, 2422, 101 L.Ed.2d 297, 313 (1988) (noting that the 70–day period was exceeded by 14 days but agreeing with the Court of Appeals that " 'although not wholly insubstantial, was not so great as to

mandate dismissal with prejudice'" as there was also no prejudice to the defendant's trial preparation).

Accordingly, after having given consideration to the three factors above, the Court finds that the superseding indictment shall be dismissed without prejudice.

### III.

For the reasons set forth in this memorandum, the defendant's motion to reconsider shall be granted, and this case shall be dismissed without prejudice. Mr. Martinez shall be released from federal custody.

An appropriate order shall be entered.

### ORDER

In accordance with the memorandum contemporaneously entered, the defendant's supplemental memorandum (filed January 20, 1999; Docket Entry No. 75), which is treated as a motion to reconsider, is granted.

Accordingly, the order, made in open court at the hearing on December 8, 1998, is vacated. *See* clerk's resume (filed December 11, 1998; Docket Entry No. 65). This action is dismissed without prejudice.

The warden of the institution where Mr. Martinez is incarcerated is directed to release Mr. Martinez from federal custody.

It is so ORDERED.[1]

---

1. On March 1, 1999, Mr. Martinez filed a handwritten declaration (*Docket Entry No. 87*) in which he requested that the Court replace his attorney, Mr. Haile. After extensive and thorough questioning of Mr. Martinez by the Court at the hearing on March 4, 1999, as to his declaration, Mr. Martinez decided to withdraw his request for a change of attorney. Accordingly, the Court finds that the request in the declaration (Docket Entry No. 87) is moot.