[Crim. No. 13487. Third Dist. June 12, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
REBIO TOWNSEND, Defendant and Appellant.

COUNSEL

Alice M. Meserve, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, James T. McNally, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

**PUGLIA, P. J.**—Sentenced to the middle term of six years upon his guilty plea to firearm assault on a peace officer (Pen. Code, § 245, subd. (c)), defendant appeals. He contends the trial court violated a sentence bargain in which he was promised the lower term of four years and requests remand for resentencing or, alternatively, an opportunity to withdraw his guilty plea. We shall affirm because we conclude that defendant effectively waived his right to withdraw his guilty plea and proceed to trial.

Defendant had entered his plea of guilty to a felony complaint pending in municipal court. The plea was part of an agreement between defendant and the prosecutor that contained elements of both a plea bargain and a sentence bargain. The agreement called for the prosecutor to move to dismiss two pending assault counts and recommend the low term for a third count to which defendant would plead guilty. It was further agreed that the sentencing judge would impose the low term of four years. The prosecutor informed the magistrate that this sentence was "in effect . . . a promise because a Superior Court judge has already conferred with counsel and I and has indicated that he would impose no more than low term." The magistrate accepted the plea "on the conditions we've stated above," advising defendant that he could withdraw the plea and reinstate his right to jury trial if the sentencing court should disapprove of the bargain.

A probation report was duly prepared and submitted to the superior court. The report recommended a six-year midterm because of defendant's "vio-

lence prone" nature. On defendant's first appearance before the superior court judge who had provisionally approved the sentence bargain, his attorney requested a continuance, stating his understanding that the court "is prepared to adopt the recommendation of the Probation Office." In eliciting from defendant a waiver of time for sentencing, (Pen. Code, § 1191) the court advised defendant of its intent to impose a six-year sentence. The defendant thereupon requested a jury trial; the court responded that trial was a "possibility," but that defendant should enter such a request through his attorney. The matter was continued 10 days.

At defendant's next appearance he was arraigned for judgment. Asked if there was any legal cause why judgment should not be pronounced, counsel advised there was not and stated, "It is our intention to stand on the plea." A six-year sentence was imposed.

On appeal defendant seeks enforcement or alternatively the setting aside of the sentence bargain. The Attorney General concedes that the court did not abide by the sentence bargain, but asserts that it was not required to do so because the defendant waived the right to withdraw his plea.

Penal Code section 1192.5 requires that a defendant offering to enter into a plea bargain be informed of his right to withdraw his plea if the court should later withdraw its approval of the bargain. The right may be exercised either when the court disapproves the original offer to plead or when the case comes on for sentencing after the plea has been formally approved and entered.[1] (*People* v. *Johnson, supra,* 10 Cal.3d at p. 872.)

In the instant case the defendant was advised by the magistrate at the time he pled guilty of his right to withdraw his plea if the promised sentence was unacceptable to the sentencing court. When the sentencing court indicated it would not be bound by the sentence bargain, counsel obtained a continuance for the obvious purpose of allowing his client to consider whether to withdraw the guilty plea. At sentencing, counsel announced his client would "stand on the plea," a statement which implies both an awareness of the right to withdraw the plea and an intent to waive that right.

Clearly enough the defendant was notified of his right to withdraw the plea and, through counsel, entered an intelligent waiver of that right after being afforded an opportunity to exercise it.

---

[1] In "very special circumstances" a defendant may enforce a negotiated agreement against the trial court. (*People* v. *Kaanehe* (1977) 19 Cal.3d 1, 13 [136 Cal.Rptr. 409, 559 P.2d 1028]; *People* v. *Johnson* (1974) 10 Cal.3d 868, 873 [112 Cal.Rptr. 556, 519 P.2d 604].) However, the preferred remedy when the court rejects a sentence bargain is to give the defendant an opportunity to restore the status quo ante by withdrawing the guilty plea if he chooses to do so.

Until 1969 such a waiver would have been adequate even for most of the fundamental rights involved in entering a guilty plea.[2] "If an accused has counsel, courts have generally assumed, in the absence of evidence to the contrary, counsel will perform his duty as an advocate and an officer of the court to inform the accused of and take steps to protect the other rights afforded by the law; whereas if he is without counsel courts have not assumed, again in the absence of clear showing to the contrary, that the accused will be 'sufficiently articulate and adequately conversant with his constitutional and legal rights and his procedural duties to protect himself throughout the course of criminal proceedings.' (*People* v. *Mattson* (1959) 51 Cal.2d 777, 789 . . . .)" (*In re Tahl* (1969) 1 Cal.3d 122, 129 [81 Cal.Rptr. 577, 460 P.2d 449].)

■ *Tahl* lays down a new rule which precludes reviewing courts thereafter from establishing the voluntariness of a guilty plea by examining the record and mandates a knowing waiver of specified constitutional rights from the mouth of the defendant. "[T]he record must contain *on its face* direct evidence that the accused was aware, or made aware, of his right to confrontation, to a jury trial, and against self-incrimination, as well as the nature of the charge and the consequences of his plea. Each must be enumerated and responses elicited from the person of the defendant. Because mere inference is no longer sufficient, the presence of an attorney cannot alone satisfy these requirements; . . ." (*In re Tahl, supra,* at p. 132.) (Italics in original.)

The *Tahl* rule was expressly limited to specified constitutional rights—self-incrimination, confrontation and jury trial—which are involved when a plea of guilty is entered. Other rights remain waivable by counsel. "We have no doubt that in the course of a trial a waiver of constitutional rights may be implied and need not necessarily be preceded by a full explanation of each right and its consequences." (*Tahl, supra,* 1 Cal.3d, at pp. 132-133.)

*Tahl* is intended to protect the rights of defendants at the critical moment when they enter a guilty plea. The question before us is whether the requirement of personal waiver has now been extended to the situation where the rejection of a sentence bargain by the court invests defendant with a right to withdraw his guilty plea and proceed to trial. That possibility is raised by *People* v. *Mancheno* (1982) 32 Cal.3d 855 [187 Cal.Rptr. 441, 654 P.2d 211]. There, the defendant had bargained for a 90-day commitment for diagnostic study (Pen. Code, § 1203.03) in exchange for a plea of

---

[2]The California Constitution (art. I, § 16) requires that a waiver of the right to jury trial be made in open court by both the defendant and counsel.

guilty. After obtaining a probation report, the court proceeded to judgment without ordering a diagnostic study. The defendant, who appeared without counsel, answered in the negative when the court asked if there were legal cause why judgment should not be pronounced. The Supreme Court held that defendant had not thereby waived the bargained for consideration that induced his guilty plea, stating, "No less should a court presume from mere silence that defendant is waiving implementation of the consideration that induced him to waive his constitutional rights. Finding a waiver under the circumstances of this case would undercut the requirement that defendant's waiver of constitutional rights be intelligently made. [¶] Moreover, the mere silence of defendant in response to the allocution does not meet the normal requirements of a waiver. A waiver may occur by an intentional relinquishment or as the result of an act which, according to its natural import, is so inconsistent with an intent to enforce the right as to induce a reasonable belief that such right has been relinquished [citations], 'and the waiver must be the result of a voluntary act implying the abandonment of the right or privilege [citation].' [T]hus, some affirmative expression or conduct by the defendant acknowledging relinquishment of the bargained for term is essential before we could find that he had waived his right to that term. Mere silence or acquiescence is insufficient to extinguish the bargained for term underlying defendant's waiver of constitutional rights." (Fn. omitted.) (*People* v. *Mancheno, supra,* at pp. 864-865.)

The reference to "some affirmative expression or conduct by the defendant . . . [beyond] mere silence or acquiescence" is suggestive of a *Tahl*-like waiver made personally by the defendant. We are persuaded, however, that the language was not intended to announce an extension of the *Tahl* rule but was simply referable to the particular facts of the *Mancheno* case in which the defendant appeared in the trial court in propria persona. Therefore, any waiver of necessity would have to have been made by defendant personally.

It is also fair to conclude, we believe, that the Supreme Court would not have extended its *Tahl* ruling in such an offhand fashion. *Tahl* is a carefully worked-out analysis and the court's later decisions refining the application of the rule have been developed with equal precision. (Cf. *People* v. *Gallegos* (1971) 4 Cal.3d 242 [93 Cal.Rptr. 229, 481 P.2d 237]; *People* v. *Rizer* (1971) 5 Cal.3d 35 [95 Cal.Rptr. 23, 484 P.2d 1367]; *In re Sutherland* (1972) 6 Cal.3d 666 [100 Cal.Rptr. 129, 493 P.2d 857]; *Mills* v. *Municipal Court* (1973) 10 Cal.3d 288 [110 Cal.Rptr. 329, 515 P.2d 273]; *In re Yurko* (1974) 10 Cal.3d 857 [112 Cal.Rptr. 513, 519 P.2d 516]; and *In re Ibarra* (1980) 34 Cal.3d 277 [193 Cal.Rptr. 538, 666 P.2d 980].)

Moreover, there is authority allowing waiver of a right vested by a plea bargain even when not expressly stated by a defendant. In *People* v. *Rosaia*

(1984) 157 Cal.App.3d 832 [203 Cal.Rptr. 856], the court was concerned with the sufficiency of an *Arbuckle* waiver. *People* v. *Arbuckle* (1978) 22 Cal.3d 749 [150 Cal.Rptr. 778, 587 P.2d 220, 3 A.L.R.4th 1171], holds that every plea bargain includes an implied promise that the defendant will be sentenced by the judge who accepts the guilty plea unless the defendant is advised otherwise. The *Rosaia* court said: ". . . *Arbuckle* rights . . . may be waived by conduct. [Citation.] Nevertheless, fairness dictates that before accepting . . . [such] a waiver, the court must satisfy itself from the record that defendant knew he had the right to be sentenced by the same judge who took his plea. The court cannot reasonably assume or speculate that the defendant had the requisite knowledge of his *Arbuckle* rights even if represented by an attorney. [Citation.] [¶] . . . We believe the rights of the defendant are adequately protected and onerous duties avoided by requiring only that the *record* demonstrate the defendant's knowledge of his *Arbuckle* rights to support a conclusion that defendant waived those rights by his conduct. Such a requirement is consistent with general judicial reluctance to find a waiver by silence or acquiescence. (*People* v. *Mancheno* (1982) 32 Cal.3d 855 . . . .)" (*People* v. *Rosaia, supra,* 157 Cal.App.3d at p. 840; see also *In re Thomas S.* (1981) 124 Cal.App.3d 934, 941 [177 Cal.Rptr. 742].)

 Defendant was advised on the record of his right to withdraw his guilty plea and proceed to trial if the court rejected the sentence bargain. Given this demonstrated state of knowledge, an express waiver entered through counsel satisfies the requirement of an "affirmative expression or conduct by the defendant" referred to in *Mancheno.*

The judgment is affirmed.

Regan, J., and Sims, J., concurred.

Appellant's petition for review by the Supreme Court was denied August 21, 1985.